Lee SCHEFFER et al., Appellants,

v.

Billy Frank CHRON et al., Appellees.

No. 7969.

Court of Civil Appeals of Texas, Beaumont.

Nov. 3, 1977.

Rehearing Denied Nov. 23, 1977.

Garrett & Letbetter, George Payne and
Max Garrett, Houston, for appellants.

J. Robert Liles, Conroe, for appellees.

KEITH, Justice.

We are called upon today to reaffirm and apply the rule that the negligence, inadvertence, or mistake of counsel is attributable to his client so that counsel's failure to defend the case properly or to develop fully the available evidence does not constitute "good cause" authorizing a new trial. See generally, *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 246 (Tex.1974); *Reynolds v. Volunteer State Life Ins. Co.*, 80 S.W.2d 1087, 1094–1095 (Tex.Civ.App.—Eastland 1935, writ ref'd). And, we must also adhere to the rule that a motion for new trial may not be used as a vehicle by which the case may be tried over and differently. *Tees v. Tees*, 546 S.W.2d 912, 917 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

However, before we turn to the contentions advanced upon appeal, we must first dispose of a troublesome threshold question involving our jurisdiction to even consider the appeal.

Appellants' amended motion for new trial was overruled by operation of law on November 14, 1976, and their counsel[1] waited until the *59th day thereafter* to request a transcript or statement of facts. He made a timely motion under *Tex.R.Civ.P. 21c* for an extension of time within which to file such record claiming that the delay was the result of a mistake in his calculations. We accepted the statements contained in the application at face value and granted the extension requested. *Meshwert v. Meshwert*, 543 S.W.2d 877 (Tex.Civ.App.—Beaumont 1976), affirmed 549 S.W.2d 383 (Tex. 1977).

While we have serious doubts as to the validity of the excuse offered in the "21c motion" and entertain some doubts as to the correctness of our order extending the time, we nevertheless overrule appellees' motion to dismiss the appeal. Upon the

1. Appellants discharged trial counsel at about the time of the filing of the motion for exten- sion of time in this court and have been represented on appeal by other and diligent counsel.

face of the record as originally presented to us, there was a plausible explanation of the mistake and the failure to file did not appear to be deliberate or intentional. We are not persuaded that we should set aside our earlier order permitting the record to be completed and filed. Appellees' motion to dismiss the appeal is overruled.

The foregoing is but the prelude to the unhappy sequence of events leading up to the entry of judgment for appellees which we now present in the form of a chronological table:

| Date | Event |
|------|-------|
| June 24, 1970 | Suit filed |
| July 21, 1970 | Appellants answered |
| September 14, 1970 | Appellees demanded abstract of title from appellants [Rule 791] |
| October 2, 1970 | 20-day extension of time for filing abstract granted [Rule 792] |
| October 22, 1970 | Abstract due but *not* filed |
| May 7, 1971 | Second motion for extension of time filed by appellants and an extension was granted |
| May 21, 1971 | Abstract *due* but not filed |
| August 31, 1976 | Trial commenced |

To this chronology we add these sidelights: two defendants—the Webbs—answered by other counsel claiming a specific five-acre tract. Appellees and the Webbs, pursuant to mutual demands for abstracts, duly filed such instruments in the record in late 1970.[2] On the morning of the trial (August 31, 1976), without notice or leave to file, appellants' counsel filed an instrument among the papers whereby he purported to adopt certain portions of the abstracts filed by appellees *and* the Webbs, but our record does not disclose that notice of the filing was made known to appellees' counsel or to the court.

In the non-jury trial, appellees offered their record title from the agreed common source in accordance with their abstract and rested. Appellants then sought to utilize their so recently "adopted" abstracts and the instruments noted therein. Appellees' objection having been sustained and no record proof having been tendered, the court entered judgment for appellees.

Appellants' trial counsel then became extremely diligent and prompt by the timely filing of an original and an amended motion for new trial wherein he sought to excuse his failure to file the abstract, attempted to show superior title, claimed newly discovered evidence, etc. After a protracted hearing on the amended motion, it was overruled. Newly employed counsel now presents the appeal upon a myriad of points, each of which seeks to secure relief by an appeal to our abstract sense of justice. These sentences taken from the conclusion are fair samples: "This is not a case where there was a fair hearing and one side lost. It is a case where an extremely technical rule was literally interpreted and a horrible injustice resulted."

Abstract justice achieved by a complete disregard of the rules governing trials in our courts may appeal to some as a means of arriving at an end thought to be desirable. It is not a proper philosophy to use in affirming or reversing judgments. See Chief Justice Calvert's dissent in *Coloma Oil & Gas Corporation v. Railroad Commission*, 163 Tex. 483, 358 S.W.2d 566, 570 (1962), quoting copiously from *Duncan v. Magette*, 25 Tex. 245 (1860).

The present rules of civil procedure involved in this appeal [*Rules 791, 792, 793, and 794*] were all lifted from earlier statutes which had governed the trial of such cases for many years.[3] A case from this court, *Davis v. Dowlen*, 136 S.W.2d 900, 904 (Tex.Civ.App.—Beaumont 1939, writ dism'd jdgmt. cor.), noted that the reason for the rules was to give notice to the opposite party of the documentary evidence relied upon by the party in the suit.

---

**2.** A few days before the trial of this case, the Webbs and appellees entered an agreed judgment whereby the Webbs recovered the five acres they sought in their pleading.

**3.** These rules governing the trial of trespass to try title actions spell out the law which has

been in effect for practically a century. The historical notes following *Articles 7376, 7377, 7378, and 7379* found in *Vol. 20B Tex.Rev.Civ. Stat.Ann. (1960)*, show that the present rules go back at least as far as the 1879 revision of the statutes.

The earlier cases gave the statutes a strict construction. See, e. g., *Davis v. Cisneros*, 220 S.W. 298, 299 (Tex.Civ.App.—San Antonio 1920, writ dism'd), where the court said:

"When such a demand [under old art. 7376 or present Rule 791] is seasonably made, there must be a strict compliance therewith. [citations omitted]"

While the strictness of *Rule 791* has been relaxed to some extent, we have not been cited to any case wherein it has been completely abrogated. See *McCraw v. City of Dallas*, 420 S.W.2d 793, 797 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.). Indeed, as was held in *Corder v. Foster*, 505 S.W.2d 645, 648 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.):

"It is within the spirit of the Rules that the time for filing an abstract in response to a demand will be extended where the grant of additional time will not prejudice the party making the demand and the refusal of an extension would result in injustice."

■ In our case, appellees' demand was served in 1970 and appellants having secured two extensions—the last of which expired more than five years before trial—did not seek any relief from the sanctions of the rule. The unexplained failure of appellants' counsel to comply with the rule governing the filing of the abstract does not constitute any compliance with the "good cause" provision of *Rule 792*.

■ Appellants argue that their abstract contains no surprises since it is based on abstracts of other parties that were filed early in the suit and, consequently, the trial court abused its discretion in refusing appellants the right to use the "adopted" abstract belatedly filed upon the day of the trial. We disagree.

The court in *Means v. Protestant Episcopal Church Council of Diocese of Texas*, 503 S.W.2d 591, 592–593 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.), was confronted with a situation similar to this one. In *Means*, the appellants complained that the court erred in refusing to admit two deeds into evidence. The court disposed of the contention by saying:

"These documents were objected to, among other grounds, on the basis that the appellants had failed to comply with Rule 792, Texas Rules of Civil Procedure requiring listing in an abstract of title responsive to appellee's demand. Appellee's demand for abstract had been served on appellants approximately two years prior to the trial and the record does not indicate that any abstract of title was filed until the date of trial. While appellants argue that appellee was not surprised by the instruments in question there is nothing in the record before us which would constitute any basis for our holding that the trial court erred in excluding these instruments."

We are unwilling, as an intermediate court, to ignore or to change the rule of procedural law which has governed the trial of land suits for almost a century. If there is to be a change, it should come about in an orderly way through action of our Supreme Court in a decision or by modification of the rule. Under the undisputed facts found in our record, we find no error in the order overruling appellants' amended motion for new trial and overrule the first three points of error.

■ Appellants' fourth point of error complains that the trial court erred in overruling their amended motion by refusing to consider a prior judgment by the same trial court in a partition suit involving the land in controversy.

*Tex.R.Civ.P. 94* requires that affirmative defenses, such as res judicata, must be specially pleaded. In this case, appellants failed to plead res judicata in their answer. Therefore, this defense has been waived. *Allandale Nursing Home, Inc. v. John Bremond Co., Inc.*, 514 S.W.2d 958, 959 (Tex. Civ.App.—Austin 1974, writ ref'd n. r. e.).

Moreover, even if res judicata had been properly pleaded, appellants did not make proof upon the hearing of a valid prior judgment precluding appellees' suit. One of the requirements of res judicata is that the parties in the second suit must have

been parties in the first suit or those in privity with them. *Swilley v. McCain*, 374 S.W.2d 871 (Tex.1964). In the present case, the appellees were not parties or in privity with the parties involved in the partition suit on which appellants rely. *Benson v. Wanda Petroleum Company*, 468 S.W.2d 361, 363 (Tex.1971). See also, Z. Steakley and W. Howell, Jr., "Ruminations on Res Judicata", *28 Sw.L.J. 355, 358 (1974).*

 Appellants further argue that the prior partition judgment should have the effect of stare decisis. We cannot agree. Stare decisis attaches to "a principle, rule or proposition of law [that] has been squarely decided by the *Supreme Court*, or the *highest court of the State having jurisdiction of the particular case.*" (emphasis added) *Swilley, supra*, at 875. See also, Steakley & Howell, supra (*28 Sw.L.J. at 357*). The fourth point is overruled.

Appellants' points of error five and six complain that the trial court abused its discretion by denying a new trial based on (1) the newly discovered evidence that the three tracts of land were acquired during the marriage of D. O. Scheffer and Sarah Gandy Scheffer and, therefore, anyone claiming under D. O. Scheffer could claim only one-half of the land; and (2) the newly discovered evidence that Frank Scheffer had lived on the land in excess of twenty-five years which would allow appellants to plead and prove title by limitations upon retrial.

One of the prerequisites for the granting of a new trial on the basis of newly discovered evidence is "that it could not have been sooner discovered by the exercise of diligence." *Conwill v. Gulf, C. & S. F. Ry. Co.*, 85 Tex. 96, 19 S.W. 1017, 1020 (1892). *Accord, New Amsterdam Casualty Company v. Jordan*, 359 S.W.2d 864, 866 (Tex.1962); *Dorbandt v. Jones*, 492 S.W.2d 601, 603 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.); *Vance v. Obadal*, 256 S.W.2d 139, 141 (Tex.Civ.App.—El Paso 1953, writ ref'd). As said in *Dorbandt*, supra:

"It is said that diligence has not been exercised if the same effort used to pro-

cure the testimony subsequent to trial would have had the same result if exercised prior to trial."

In this case, Sarah and D. O. Scheffer's marriage license had been on record since 1893, and appellants could have easily obtained a copy of it prior to trial. Appellants knew that Frank Scheffer had lived on the property in controversy for more than twenty-five years but failed to tell their attorney. However, with diligence, he could have discovered this information prior to trial. Finding no abuse of discretion, the fifth and sixth points are overruled.

We have reviewed the remaining points in appellants' brief and find no merit therein. The judgment of the trial court is affirmed.

AFFIRMED.