v.

STATE of Texas, Appellee.

No. 19533.

Court of Civil Appeals of Texas, Dallas.

March 6, 1978.

Rehearing Denied April 5, 1978.

Steven P. Amis, Richardson, David T. Lancaster, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Assistant Dist. Atty., Dallas, for appellee.

GUITTARD, Chief Justice.

Appellant, a sixteen-year-old girl, was arrested on charges of murder and attempted murder. The juvenile court waived its exclusive original jurisdiction and transferred her to an appropriate district court for trial as an adult under Texas Family Code Annotated § 54.02 (Vernon 1975). She appeals,

contending that the juvenile court erred (1) in failing to dismiss the proceeding because her statutory and constitutional right to a speedy hearing was denied, and (2) in transferring the case because the evidence was insufficient to support the trial court's finding, as recited in its order, that adequate protection for the public and reasonable rehabilitation of the child were not possible because the proper procedures, services and facilities are not available to the juvenile court. We affirm.

### (1) Speedy Trial

The record shows that the appellant, who was designated as respondent in the trial court, was arrested on June 11, 1977. The state filed a petition on June 16 alleging that respondent had murdered her mother and had attempted to murder her father. On the same day, the state filed a motion requesting the juvenile court to waive its jurisdiction and transfer respondent to the proper district court for criminal proceedings. A hearing on the motion to transfer was set for June 24, and respondent was served on June 22 with notice of this hearing.

No record of the hearing on June 24 is before us except a docket notation indicating that on that day respondent was present with her retained counsel and that the court appointed her counsel as her guardian ad litem and passed the case for pretrial and trial on the motion for transfer.

A number of other proceedings appear in the record. On June 17, the court ordered the chief probation officer to present a complete diagnostic study, social evaluation, and full investigation of the child and the circumstances of the alleged offenses. On June 28, the court granted the state's motion for a psychiatric examination. A report of this examination was filed on July 11. On July 22, the probation officer filed a social evaluation and investigation report and the chief psychologist of the juvenile department filed a report of his psychological evaluation and diagnostic study. On June 30 and July 7, respondent signed waiv-

ers of detention hearings and agreed that she should remain in custody prior to a court appearance on July 25. On July 22, respondent, by her counsel, filed a motion to quash on various grounds, including the allegation that "Section 53.05 requiring that a hearing be held within ten days if the child is in custody is applicable to transfer hearings, and that the said respondent has been in custody since June 11, 1977." On July 22, also, another lawyer was appointed guardian ad litem in place of respondent's retained counsel, who, nevertheless, continued as her attorney of record. On July 15, 19 and 20, respondent was examined by another psychiatrist, who testified at the hearing on her behalf. On August 2, the court heard and overruled the state's motion to disqualify the judge.

The record does not show why no hearing was held on July 25. The hearing on the motion to transfer was begun on August 23 and was concluded on August 25. At this hearing, respondent was represented by her retained counsel and also by the guardian ad litem appointed by the court. The witnesses included the psychiatrists, the psychologist for the state, and a psychiatrist for the respondent. Other witnesses included respondent's father and a policeman, both of them testifying concerning the facts of the alleged offense, a probation officer to whom respondent has been assigned, an area supervisor for the Texas Youth Council, respondent's uncle, and one of her close friends.

The record contains no other information concerning postponement of the hearing. So far as the record shows, respondent's counsel never objected to the postponement of the hearing, nor did he or the guardian ad litem make any request for an earlier hearing.

■ Respondent contends that the juvenile court erred in failing to dismiss the case because she was denied her constitutional and statutory right to a speedy hearing, and she asks us to reverse and dismiss the entire proceeding. We cannot do so on this special statutory appeal from the order of transfer under Texas Family Code Anno-

tated § 56.01(c)1 (Vernon 1975). *Johnson v. Sharpstown State Bank*, 508 S.W.2d 73 (Tex.1974) (appellate court could not dismiss cause for lack of jurisdiction on appeal from an order sustaining a plea of privilege); *cf. Hastings Oil Co. v. Texas Co.*, 149 Tex. 416, 234 S.W.2d 389, 398 (1950) (ruling on plea in abatement could not be reviewed on temporary injunction appeal). We consider the question, therefore, only as it bears on the propriety of the transfer order.

Respondent contends that she has a constitutional right to due process of law under *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), and, therefore, to a speedy trial under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). This constitutional right to a speedy trial, she argues, has been defined in Texas by Tex.Family Code Ann. § 53.05 (Vernon 1975) as follows:

(a) After the petition has been filed, the juvenile court shall set a time for the hearing.

(b) The time set for the hearing shall not be later than 10 days after the day the petition was filed if:

(1) the child is in detention; or

(2) the child will be taken into custody under Section 53.06(d) of this code.

Under this provision, respondent insists, she has the right to a hearing within ten days after the filing of the petition, and such a hearing could not be postponed without either good cause, or respondent's knowing waiver with advice of counsel, neither of which is shown by this record. She asserts that since she is a minor, the record must affirmatively show that her rights were protected.

 We do not interpret section 53.05 as imposing a jurisdictional limitation requiring dismissal of the proceeding unless a proper waiver or ground for postponement is shown by the record. The requirement that a hearing be set within ten days after the filing of the petition is mandatory, but there is no jurisdictional requirement that the hearing be completed at that time. The requirement for a setting within ten days provides a time for appearance for both parties. The judge can then determine whether the child is adequately represented and what the future schedule of the case should be. Whether the hearing on the state's petition or on its motion to transfer is completed on that date or postponed is a matter within the court's discretion, subject to the constitutional requirement of a speedy trial. Respondent does not contend that the period of the delay in the present case was so long as to constitute a constitutional denial of due process apart from the provision of section 53.05 that a hearing be set within ten days. We construe the statute as permitting a postponement in the court's discretion and on the court's own motion, so long as the postponement is not for such a long period as to be a denial of due process.

 We do not determine whether a child charged with delinquency waives the right to a speedy trial by failing to object to a postponement. We do hold, however, that in order to complain of such a postponement, the record must show an abuse of discretion and that no such abuse is shown here. In determining when the hearing should be held on a motion for transfer, the court must regard the welfare of the respondent, as well as the protection of the community, and can properly take into consideration all of the circumstances of the case, including the nature of the offense alleged, and the need for psychological and possibly psychiatric evaluation. Section 54.02(d) expressly requires that prior to a hearing on a motion to transfer, the juvenile court shall order a complete diagnostic study, social evaluation and full investigation of the child, his circumstances, and the circumstances of the alleged offense. Here, the court could well have concluded that the interests of respondent, as well as of the public, could not have been properly protected by proceeding with the hearing only two days after she had been served with notice, and without the diagnostic studies which, as the record shows, had not yet been completed. Thus, on the record before us, we cannot presume that the trial court's discretion was abused.

This holding is consistent with the Georgia decisions cited by respondent. Although there is language in the opinion of the Georgia Court of Appeals in *J. B. H. v. State*, 139 Ga.App. 199, 228 S.E.2d 189, 192 (1976), to the effect that the ten-day time limit for setting the hearing under a Georgia statute similar to our section 53.05 is jurisdictional, the Supreme Court of Georgia later held in *Sanchez v. Walker County Dept. of F. & C. Serv.*, 237 Ga. 406, 229 S.E.2d 66, 68 (1976), that the mandatory feature of the statute was satisfied by the setting of the hearing within ten days after filing the petition and that the procedural requirement of a hearing on that date may be waived. Summarizing the earlier Georgia cases, the court said:

> Under the cases, if the party does not enter an objection during the course of the trial, he will not be heard to complain on appeal, and, if a hearing is set within the statutory time limit, the court may in its discretion grant a continuance. We agree with these decisions.

The court said further that since on the date set for the initial hearing a continuance was agreed to in behalf of the parties, and the petitioner never obtained a ruling on an objection to the postponement, such an objection could not be raised on appeal. In the present case, likewise, although the record does not show any agreement for postponement, the lack of any objection in the record to the postponement tends to support the trial court's exercise of discretion in postponing the hearing.

### (2) Sufficiency of Evidence

■ Respondent complains of the insufficiency of the evidence to support the findings of the trial court recited in its order to the effect that the procedures, services, and facilities available to the juvenile court did not provide reasonable prospects of adequate protection to the public or a reasonable likelihood of rehabilitation of the child. In this respect, appellant attacks the opinion testimony of the state's psychiatrist, Dr. Grigson. He testified that he had spent an hour and forty minutes interviewing the respondent and in that period had made a complete psychiatric examination. He based his opinion on her responses in that examination. He found that she was oriented as to time, place, and persons, that she had no delusions, and that she had the emotional and mental development to be aware and conform to society's expectations and to aid her counsel in defending against the state's charges. He found her manner of speech normal and that she was of above average intelligence. She talked with him freely about the circumstances of the alleged offense. He concluded that her violent conduct was out of proportion to the limitations and restrictions placed on her by her parents, and that if she had been guilty of murder in the past, her personality was such that she would probably be guilty of similar conduct in the future. In his opinion, since the juvenile court would lose jurisdiction over her at age eighteen, the public would not be protected if she were handled as a juvenile.

Respondent argues that Dr. Grigson did not give a sufficient factual basis for his opinion, as required by our opinion in *Moss v. State*, 539 S.W.2d 936 (Tex.Civ.App.—Dallas 1976, no writ). In particular, she argues that Dr. Grigson could not properly base his opinion on her conduct on the one occasion in question.

We conclude that an adequate basis for the opinion is shown. In *Moss v. State*, *supra*, the question was whether a patient who had never engaged in violent conduct could be committed for treatment without her consent on the basis of psychiatric opinion that she was "potentially dangerous." We held that since the opinion was not supported by statements of the behavior on which it was based, the court did not have sufficient information to make a proper legal determination of whether the potential harm was great enough to justify depriving the patient of her liberty. 539 S.W.2d at 950. The present case is different, since the doctor's opinion was based on a specific incident of extraordinary violence, which was established by independent evidence at the hearing, as well as by statements to the doctor. His opinion was based also on re-

spondent's general personality pattern, as disclosed by her responses on his psychiatric examination. We do not think that his opinion must be disregarded on the ground that the grounds of his opinions were not specifically stated or that respondent did not have a history of other violent conduct.

The court's finding concerning the need for protection of the public has further support in the testimony of Dr. Saleem Ateek, a psychologist, who testified, after an examination of respondent, that she was extremely vulnerable to stress and that under strain her judgment would be impaired so that she would have difficulty controlling her behavior and would not react as would a normal individual.

With respect to the court's finding of inadequacy of procedures, services, and facilities available to the juvenile court, the testimony concerning her need for psychiatric treatment over an extensive period is in itself sufficient for the trial court to draw the inference that the facilities available to the juvenile court would not be adequate to provide reasonable assurance of rehabilitation before her eighteenth birthday. Even the psychiatrist who was called as a witness by respondent testified that she needed treatment for at least one year and that if she had premeditated the offense, his prognosis would be even less favorable. There was adequate testimony in the record establishing that her conduct on the occasion was premeditated.

Moreover, the supervisor for the Texas Youth Council testified that there was no maximum security facilities available for female juveniles, as for males who had committed serious criminal offenses, and that in respondent's case, he would suggest some alternative with long-range plans for rehabilitation.

We hold that this testimony is sufficient to support the trial court's findings.

### (3) Jurisdiction on Appeal

Although neither party has raised the question, we have serious doubt concerning our jurisdiction of this appeal. If the order appealed from is interlocutory rather than final, the appeal was not perfected within the time prescribed for interlocutory appeals by Texas Rules of Civil Procedure 385. Appellant apparently treated the order as a final judgment, since she filed a motion for new trial and perfected her appeal from the overruling of that motion rather than from the order of transfer.

Even though interlocutory, an order of transfer, such as that in question here, is appealable because such appeals are specifically allowed by Texas Family Code Annotated § 56.01(c)(1) (Vernon 1975). Subdivision (b) of section 56.01, however, provides that the requirements governing appeals in juvenile cases "are as in civil cases generally." Rule 385 requires that an appeal from an interlocutory order must be perfected and the record must be filed within twenty days after the order appealed from and that no motion for new trial is allowed.

The order in question may be interlocutory, since it does not finally dispose of the litigation, but merely transfers the case to the criminal court, where further proceedings must be had, as in the case of a transfer on sustaining a plea of privilege. The order is not even a final disposition so far as juvenile court is concerned since, if the grand jury fails to return an indictment, the criminal court may certify that fact in the juvenile court, which may then resume jurisdiction. Texas Family Code Annotated § 54.02(i) (Vernon 1975).

We do not decide this question, however, since the attorneys have not briefed it and, in any event, the order of the juvenile court must be left standing in view of the holdings in this opinion. In future cases of this sort, we are directing our clerk to permit no more filings of such appeals unless the appeal is perfected and the record is filed within the twenty-day period required by rule 385. If any appellant tenders a record after that time, the clerk will hold it and request written arguments from both parties on the question of jurisdiction. We will then be in a position to make a definite ruling on the question.

Affirmed.