601 S.W.2d 175 (1980)
In the Matter of M. I. L., a minor child, Appellant.
No. 1677.
Court of Civil Appeals of Texas, Corpus Christi.
May 29, 1980.
*176 Peter C. Gilman, Brownsville, for appellant.
Lee McGowan, Asst. Criminal Dist. Atty., Brownsville, for appellee.

OPINION
NYE, Chief Justice.
This is a juvenile case. The trial court, after having heard evidence, waived its juvenile court jurisdiction and transferred the cause to the Criminal District Court of Cameron County, Texas, for trial. The juvenile appeals.
On or about the 30th day of October, 1979, a murder was committed in Brownsville. The investigation by the Brownsville Police Department revealed that the respondent was involved in the slaying. On November 6, 1979, he was arrested for the offense of murder. The next day, a detention hearing was held before the Honorable Filemon Vela, Judge of the 107th District Court, sitting as a juvenile court. The respondent was ordered detained for ten days.
On November 16, a subsequent detention hearing was held before the same trial judge, at which time the respondent was ordered detained three additional days until November 19. At the same time, the State of Texas filed its petition requesting the juvenile court to waive its jurisdiction and to set a preliminary hearing for November 21, 1979. On November 19, the Honorable Harry Lewis, Judge of the 138th District Court, conducted a hearing and ordered the respondent released to the custody of his parents pending the preliminary hearing on November 21. At that hearing, Judge Lewis ordered a diagnostic study, social evaluation, and a general investigation of the respondent. He then set a hearing on the State's petition for December 13, 1979. It was at this later hearing that the court determined, from the evidence presented, that its juvenile jurisdiction should be waived and the respondent transferred to the Criminal District Court for trial.
The respondent's first point of error is that the trial court violated articles 54.02 and 53.05 of the Texas Family Code. Specifically, respondent complains that his hearing on the petition was held later than ten days after the filing, in violation of article 53.05, Texas Family Code.
The Texas Family Code, article 53.05, states, in relevant parts:
"(a) After the petition has been filed, the juvenile court shall set a time for the hearing.
(b) The time set for the hearing shall not be later than 10 days after the day the petition was filed if:
(1) the child is in detention; or
(2) the child will be taken into custody under Section 53.06(d) of this code."
Although the Code speaks in mandatory-type language, there is no jurisdictional requirement that mandates that a hearing must be completed within the 10-day limitation. In many cases, as in the case before us, additional time is necessary to safeguard the welfare of the juvenile as well as that of the community. Evaluation reports and other evidence are needed in order to make such determination. See L. L. S. v. State, 565 S.W.2d 252 (Tex.Civ.App.  Dallas 1978) writ ref'd n. r. e., 569 S.W.2d 495 (Tex.Sup. 1978).
*177 The record before us does not indicate that the respondent requested a hearing within the 10 days, nor objected to the December 13 setting. There is no contention that the trial court abused his discretion in permitting a delay of 37 days to attain the statutory required diagnostic evaluations and investigation. See § 54.02(d) Texas Family Code. Nor is there any contention that the period of delay was so long as to constitute a constitutional denial of due process.
Next, the respondent complains that the trial court abused its discretion in ordering a waiver of the juvenile court's jurisdiction and in certifying the respondent to be tried in the Criminal District Court of Cameron County, Texas. In such a case, the burden of the State is not to establish the guilt of the juvenile but rather to present to the court evidence that will permit the court to exercise its discretion in deciding whether or not to make the transfer to the district court. The proceeding in the juvenile court is, by the nature of the Texas Family Code, discretionary in character. Section 54.02 of the Code (a) states that:
"(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal court for criminal proceedings if:
(1) The child is alleged to have violated a penal law of the grade of felony;
(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and
(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings." (Emphasis added).
The court may waive its jurisdiction if the above three requirements are met. In this case, all the evidence showed that the respondent met the three requirements. Section 54.02(a)(3) of the Texas Family Code requires the juvenile court to determine whether the welfare of the community requires criminal proceedings to be instituted because of the seriousness of the offense or the background of the child. In making this determination, the court should consider the six enumerated factors set forth in § 54.02(f). Those are listed:
"(1) whether the alleged offense was against person or property, with great weight in favor of transfer given to offenses against the person;
(2) whether the alleged offense was committed in an aggressive and premeditated manner;
(3) whether there is evidence on which a grand jury may be expected to return an indictment;
(4) the sophistication and maturity of the child;
(5) the record and previous history of the child; and
(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court."
The respondent does not contend that the State needs to prove all six factors above listed, but it is from the evidence concerning these six enumerated factors that a trial court makes its final determination. See B. R. D. v. State, 575 S.W.2d 126 (Tex. Civ.App.  Corpus Christi 1978, writ ref'd n. r. e.). The respondent admits that the first four were proved. The respondent contends that the trial court abused its discretion when it found that ". . . the likelihood of rehabilitation of M. I. L. (the juvenile) by use of procedures and services and facilities now available to the juvenile court is nil." We disagree. We have reviewed the evidence and find that the respondent allegedly stabbed the victim sixteen times in committing the murder. The aggressiveness and seriousness of the offense is without question. An officer of the Juvenile Probation Department testified that no placement other than the Texas Youth Council would be available to the juvenile; and that the Texas Youth Council *178 would not be able to either rehabilitate or protect the public from the respondent. The State admits that the juvenile had no referrals to the Juvenile Probation Department. However, the report showed that the social circumstances of the child were poor.
Finally, the respondent contends that the trial court, in setting a personal recognizance bond of $25,000.00 and requiring the juvenile to go to school during the interim time between the early hearing dates, proved conclusively that the child was not a danger to society. This contention is also without merit, because, to follow the respondent's argument, it would mean that in every serious case, a court would be required to keep the respondent in jail without bond; otherwise there would be a danger to society. The danger to society is not the only consideration. It is a combination of all of the circumstances touching the enumerated factors that permits a trial court to certify the juvenile as an adult. We find no abuse of discretion. Respondent's points of error are overruled.
The judgment of the trial court is AFFIRMED.