**Harold L. HUNT, Appellant,**

v.

**Dan HEATON, Appellee.**

**No. 09–81–020–CV.**

Court of Appeals of Texas, Beaumont.

March 4, 1982.

Rehearing Denied April 1, 1982.

Michael Landrum, Houston, for appellant.

J. Robert Liles, Conroe, for appellee.

KEITH, Justice.

Plaintiff below appeals from an adverse judgment rendered in a bench trial of his trespass to try title action. Shortly after filing his answer, defendant made demand under *Tex.R.Civ.P. 791* for an abstract of title. No extension of time was sought by the plaintiff within which to file the abstract, and he in fact did not file it until nearly five years after demand had been made upon him. As a result, the trial court sustained defendant's objections to the introduction of the title documents because of failure to comply with *Tex.R.Civ.P. 792.*[1] Since plaintiff failed to establish his title to the land, the judgment was for the defendant. *Hejl v. Wirth*, 161 Tex. 609, 343 S.W.2d 226 (1961).

Plaintiff's first point of error reads:

"The Trial Court erred in refusing to admit the Appellant's title documents as evidence at trial."

The complaint is based upon the proposition that since he complied with *Tex.Rev.Civ. Stat.Ann. Art. 3726 (Supp.1982)*, relating to the filing of certified copies of instruments, he was entitled to ignore the sanctions provided in *Rule 792.* Plaintiff also argues that defendant could not have been surprised since the notice of the filing of the copies was given more than a month prior to trial.

We are not persuaded that error has been shown. In *Scheffer v. Chron*, 560 S.W.2d 419 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.), we reviewed the authorities on the subject and concluded that the first facet of plaintiff's argument in this case was without merit. We reject the suggestion that the holdings in *Scheffer* should be reconsidered.

 The single distinguishing factor in this case and *Scheffer* may be stated: Does compliance with *Art. 3726* relieve a party from timely compliance with *Rule 792?*

We answer our stated question in the negative for the reasons now to be stated.

*Art. 3726* is evidentiary in purpose, in that it removes the necessity of proving execution of instruments actually recorded for ten or more years. *Hinojosa v. Edgerton*, 447 S.W.2d 670, 672 (Tex.1969); *Hancock v. Tram Lumber Co.*, 65 Tex. 225, 232 (1885); *Wacaser v. Rockland Savings Bank*, 172 S.W. 737, 738 (Tex.Civ.App.—Texarkana 1914, writ ref'd). It does not purport to establish or abolish any time limitations in regard to when the documents must be tendered. Plaintiff argues, however, that the statute is mandatory in its terms where it states such documents "shall be admitted as evidence" after one complies with the prerequisites set out therein.

 Although the word "shall" is generally construed to be mandatory, it may be and frequently is held to be directory. *Lewis v. Jacksonville Bldg. and Loan Ass'n*, 540 S.W.2d 307 (Tex.1976). In addition, a statute may be mandatory in some respects and directory in others. *Kessler v. Texas Employers' Ins. Ass'n*, 421 S.W.2d 133 (Tex. Civ.App.—Eastland 1967, writ ref'd n. r. e.). The legislative intent is to be determined from a consideration of the entire act, its nature, its object, and the consequences that follow from construction thereof. *Moore v. City of Corpus Christi*, 542 S.W.2d 720 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.).

*Art. 3726* constitutes substantive law insofar as it establishes a rule of evidence, but such is the extent of its mandatory language. It should not be held to conflict with the procedural machinery for guiding the trial of the suit, here composed in part by *Rules 791 and 792.* See *Exxon Corp. v. Brecheen*, 519 S.W.2d 170 (Tex.Civ.App.—Houston [1st Dist.]), rev'd on other grounds, 526 S.W.2d 519 (Tex.1975). A contrary conclusion would render the Rules ineffectual and should therefore be avoided

---

1. *Rule 792*: "Such abstract of title shall be filed with the papers of the cause within twenty days after the service of the notice, or within such further time as the court on good cause shown may grant; and, in default thereof, no evidence of the claim or title of such opposite party shall be given on trial."

if possible. We are unwilling to compromise the Rules, and adhering to our decision in *Scheffer*, we find here no error in the exclusion of the plaintiff's documents of title.

Plaintiff's second point of error attacks the entry of judgment in favor of the defendant. The judgment resulted because plaintiffs did not establish superior title. *Hejl v. Wirth*, supra.

By filing his pleadings as an action in trespass to try title, plaintiff brought himself under *Rule 792*. He now attempts to escape its application by asserting that the case involved merely a boundary dispute. The implication is that *Rule 792* would no longer be applicable. Plaintiff relies on *Plumb v. Stuessy*, 617 S.W.2d 667 (Tex. 1981), as support for this view. However, unlike the situation in *Plumb*, the pleadings in our case did not indicate anything more than a pure trespass to try title action. Though the cause may have eventually been argued as a boundary dispute, it had not assumed such dimensions when *Rule 792* came into play.

Since the defendant was still responding to the original pleadings, timely submission of the abstract was not waived. Further, as stated in *McCraw v. City of Dallas*, 420 S.W.2d 793 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.), the purpose of the Rule is to give timely notice of the basis of the asserted claim of title to enable the opposing party to investigate and prepare to meet it. As demonstrated at trial, the plaintiff still intended to use the excluded documents to prove his title to the property. Thus, the purpose of the Rule lost none of its importance. Plaintiff's second point of error is without merit and is overruled.

The judgment is AFFIRMED.