**In the Matter of D.L.H., a Juvenile,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 2–82–200–CV.**

Court of Appeals of Texas,
Fort Worth.

April 21, 1983.
Rehearing Denied May 19, 1983.

Law Offices of Lane & Lane, and Jim Lane, Fort Worth, Michael Sloan, Richardson, for appellant.

Tim Curry, Dist. Atty., and Robert B. Roper, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and ASHWORTH, JJ.

OPINION

HUGHES, Justice.

The order of the Tarrant County Juvenile Court transferring this case to the Tarrant County Criminal District Court is here appealed.

The gist of appellant's three points of error is that the juvenile court erred in

failing to set a hearing on the State's petition to transfer within 10 days of the filing of the petition as required by Tex. Family Code Ann. § 53.05 (1982). He argues that this was an abuse of discretion and the delay amounted to a deprivation of due process.

Section 53.05 does require that a hearing on a petition to transfer be set not later than 10 days after the filing of the petition if the child is in detention. It has been held that it is not necessary that a hearing be set within the ten day period. *In the Matter of B.V.*, 645 S.W.2d 334 (Tex.App.—Corpus Christi 1982, no writ). It is even possible for the court to set the hearing within the ten days and then, within the court's discretion, postpone it and retain its jurisdiction. *L.L.S. v. State*, 565 S.W.2d 252 (Tex.Civ. App.—Dallas 1978, writ ref'd n.r.e.).

We affirm.

In this case, appellant was arrested on September 13, 1982. On September 17, 1982, the State petitioned the juvenile court to waive its exclusive original jurisdiction and transfer the case to a criminal district court. Counsel for appellant was appointed at this time. On September 20, the court ordered a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and circumstances of the offense. The order finds that these studies should be obtained before a hearing on the transfer could be held. Also on the 20th, citation was issued to appellant informing him of a hearing on the transfer which would be held October 6, 1982. The hearing was not held until October 12, at which time the court waived its jurisdiction.

■ Although 19 days elapsed between the date the petition was filed and the date of the hearing, appellant presented no evidence that the delay amounted to a deprivation of due process. Actually, the hearing was held only five days after the studies were completed. The third point of error is overruled.

■ We also hold that the record fails to show that the delay was an abuse of the trial court's discretion. The court ordered the studies within three days of the filing of the petition. The last study was filed with the court on October 7, 1982. The hearing was held five days later.

The importance of evaluation reports in protecting the welfare of the juvenile and community is well settled. *In the Matter of M.I.L.*, 601 S.W.2d 175 (Tex.Civ.App.—Corpus Christi 1980, no writ). We hold that the trial court did not abuse his discretion in waiting on their results before the hearing was held. *See* Tex. Family Code Ann. § 54.02(a) (1982). The second point of error is overruled.

■ Appellant's main argument is that the juvenile court lost its authority to transfer the case because some kind of hearing was not held within 10 days of the filing of the petition. Appellant argues that the judge could come in at that hearing and postpone the case. *See L.L.S. v. State, supra; In the Matter of M.I.L., supra*. Why require such an exercise in a situation such as this?

We hold it unnecessary to require the court to set a hearing within the 10 days just so they could turn around and postpone it until diagnostic studies were completed.

There was no abuse of discretion in the postponement nor excessive delay. *In the Matter of B.V., supra*. The first point of error is overruled.

We affirm.