Oscar **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 04–91–00479–CR, 04–91–00480–CR.

Court of Appeals of Texas,
San Antonio.

July 29, 1992.

Andrew B. Logan, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., James Kopp, Martina Barrera, Robert C. Richardson, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before REEVES, C.J., and CHAPA and CARR, JJ.

OPINION

CHAPA, Justice.

On August 13, 1991, appellant was found guilty of the offenses of aggravated kidnapping (cause no. 91–CR–2587), and of aggravated sexual assault (cause no. 91–CR–2585), after having pleaded guilty to both charges.[1] In conformity with the plea bargain agreement, the Court set appellant's punishment at 55 years' confinement in the Texas Department of Criminal Jus-

---

1. Although appellant presents a separate brief for each cause, the arguments are identical and will be addressed jointly.

tice. Appellant was sixteen years old at the time the offense was committed.

The pertinent facts of this case are as follows. In Bexar County, Texas, on August 18, 1990, the appellant and a companion abducted the complainant, and both sexually assaulted her. She was then stabbed by appellant with a screwdriver and locked in the trunk of her car. The appellant and his companion returned about four hours later, and appellant again stabbed the complainant several times with a screwdriver and again locked her in the trunk of the car. The complainant was able some time later to open the trunk and free herself, walking to a public phone where she called for help. The appellant's fingerprints were found on the trunk of the car, and he was identified from a photo lineup after a crimestop tip.

The only issue before this court is whether the trial court abused its discretion in failing to grant appellant's Motion To Quash for Failure to Meet Notice Requirements in Certification and Transfer Proceeding because the requirements of art. 8.07 [2] of the Texas Penal Code and Sections 54.02(b) [3] and 53.05 [4] of the Texas Family Code were not met. Specifically, appellant contends that Sections 54.02(b) and 53.05 mandate dismissal of the proceedings absent the hearing on the State's Petition for Waiver of Jurisdiction being set and heard within 10 days of the filing of the petition. We disagree.

Appellate courts have addressed this issue; in particular, the Texarkana Court of Appeals resolved this issue by applying a balancing test, stating:

Appellant argues, however, that even though under these facts the court, within its discretion, could have postponed the hearing, the fact that a hearing was not set within 10 days violates Section 53.05 and compels dismissal. In *L.L.S. v. State*, 565 S.W.2d 252 (Tex.Civ.App.— Dallas), *writ ref'd n.r.e. per curium*, 569 S.W.2d 495 (Tex.1978), the court refused to interpret Section 53.05 as imposing a jurisdictional limitation requiring dismissal of the proceeding absent a waiver of the 10 day requirement or a ground for postponement being shown by the record. We agree with that interpretation and hold that the 10 day requirement does not impose a jurisdictional limitation requiring dismissal of the proceedings in the absence of a timely setting. We join other states with similar statutes in holding that a statutorily mandated time period within which to set a hearing is directory rather than jurisdictional, and that the juvenile court does not lose jurisdiction absent a timely setting. *In the Interest of Flournoy*, 5 Kan.App.2d 220, 613 P.2d 970 (1980); *State in the Interest of C.B.*, 173 N.J.Super. 424, 414 A.2d 572, *cert. denied*, 84 N.J. 482, 420 A.2d 1303 (1980); *In Re Armour*, 59 Ill.2d 102, 319 N.E.2d 496 (1974).

... In reviewing the circumstances of this case to determine whether the appellant has been denied a speedy trial, we consider the short period of time the proceedings were delayed, the valid purpose for each delay, the absence of a timely assertion of his right to a speedy trial during the proceedings in the juvenile court, and the absence of any preju-

---

2. **§ 8.07. Age Affecting Criminal Responsibility**
   (b) Unless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age....
   TEX.PENAL CODE ANN. § 8.07 (Vernon Supp. 1992)

3. **§ 54.02. Waiver of Jurisdiction and Discretionary Transfer to Criminal Court**
   (b) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose

of considering discretionary transfer to criminal court.
TEX.FAM.CODE ANN. § 54.02 (Vernon 1986).

4. **§ 53.05. Time Set for Hearing**
   (a) After the petition has been filed, the juvenile court shall set a time for the hearing.
   (b) The time set for the hearing shall not be later than 10 days after the day the petition was filed if:
   (1) the child is in detention; or
   (2) the child will be taken into custody under Section 53.06(d) of this code.
   TEX.FAM.CODE ANN. § 53.05 (Vernon 1986).

dice resulting from the delay. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

*In re S.D.,* 667 S.W.2d 820, 821–22 (Tex. App.—Texarkana 1983, writ ref'd n.r.e.). *See In re B.V.,* 645 S.W.2d 334 (Tex.App.—Corpus Christi 1982, no writ); *In re M.I.L.,* 601 S.W.2d 175 (Tex.Civ.App.—Corpus Christi 1980, no writ); *L.L.S. v. State,* 565 S.W.2d 252 (Tex.Civ.App.—Dallas), *writ ref'd per curiam,* 569 S.W.2d 495 (Tex. 1978).

 In the present case, the record reflects: 1) the State's Petition for Waiver of Jurisdiction and Discretionary Transfer to Criminal Court was filed on December 6, 1990, along with a Motion for Diagnostic Study, Social Evaluation, and Investigation, and a Motion for Psychiatric Examination, which are required prior to the transfer hearing; and, 2) the certification and transfer hearing was subsequently held on January 24, 1991,[5] and the order waiving jurisdiction and transferring the case to criminal court was signed by the juvenile judge. Appellant was detained in the juvenile detention facility from his arrest on October 30, 1990, until certification was completed on January 24, 1991, at which time he was transferred to the adult detention facility.

 Appellant does not contend, and the record does not reflect, that the appellant either requested a hearing be set and heard within the 10 day period, or that he complained about either the December 21, 1990, or January 24, 1991, hearings prior to the hearings. *In re B.V.,* 645 S.W.2d at 336. Further, appellant does not complain of any due process violations, nor does the appellant argue or show how he was prejudiced by the complained-of settings. Tex. R.App.P. 81(b)(2). However, the record does show that on January 24, 1991, appellant filed for the first time a Motion To Quash For Failure To Meet Notice Requirements, complaining of the failure to follow these requirements, which was denied by the juvenile judge. It is this denial which is the basis of this appeal.

5. A preliminary hearing took place on December 21, 1990; however, additional matters were

We, likewise, join all these authorities and hold that "the statutorily mandated time period within which to set a hearing [involved here] is directory rather than jurisdictional, and that the juvenile court does not lose jurisdiction absent a timely setting." *In re S.D.,* 667 S.W.2d at 821. Further, considering the totality of the circumstances, we cannot say that the juvenile court abused its discretion in denying the motion to quash. *Id.* at 821–22; *In re B.V.,* 645 S.W.2d at 336; *In re M.I.L.,* 601 S.W.2d at 176–77; *L.L.S. v. State,* 565 S.W.2d at 255. The point is rejected.

The judgment is affirmed.

scheduled for January 24, 1991.