**In the Matter of J.L.W., a Juvenile.**

No. 08–95–00114–CV.

Court of Appeals of Texas,
El Paso.

March 28, 1996.

M. Clara Hernandez, El Paso County Public Defender, El Paso, for Appellant.

Jose R. Rodriguez, County Attorney, El Paso, Brian A. Quintero, Assistant County Attorney, El Paso, for Appellee.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

## *OPINION*

LARSEN, Justice.

J.L.W., a juvenile (appellant), appeals from an order of the juvenile court certifying her to stand trial as an adult for the offense of capital murder.[1] Appellant challenges the certification order by a single point of error.

### *FACTS*

On January 11, 1995, the state filed a petition alleging that appellant engaged in delinquent conduct by committing the offense

---

**1.** Appellant brings this appeal pursuant to former Tex.Fam.Code Ann. § 56.01(c)(1). Acts 1991, 72nd Leg., R.S., ch. 680, § 1, 1991 Tex.Gen.Laws 2466, amended by Acts 1995, 74th Leg., R.S., ch. 262, § 48, 1995 Tex.Gen.Laws 2546. The current version of § 56.01 does not permit an interlocutory appeal from a certification order. Tex. Fam.Code Ann. § 56.01(c) (Vernon Pamph.1996).

of capital murder on January 2, 1995.[2] Subsequently, on January 31, 1995, the state filed a petition to waive juvenile court jurisdiction over appellant and transfer her to a district court for criminal proceedings. *See* former TEX.FAM.CODE ANN. § 54.02.[3] On that same date, in accordance with § 54.02(d), the trial court ordered that the El Paso County Juvenile Probation Department make a complete diagnostic study, social evaluation, and full investigation of appellant, her circumstances, and the circumstances of the alleged offense, and file a written report with the court on February 23. Former TEX.FAM.CODE ANN. § 54.02(d). The following day, February 1, the court ordered that appellant undergo complete psychological and psychiatric evaluations. The order provided that the reports of those evaluations would be filed with the court on February 14. Appellant waived her right to a detention hearing on February 3, 13, and 23. After conducting a hearing on March 2 and 3, the juvenile court entered an order waiving jurisdiction and transferring appellant to district court on March 6, 1995.

### Deadline for Hearing on Petition to Waive Juvenile Jurisdiction

In a single point of error, appellant challenges the certification order on the ground that the juvenile court failed to conduct the certification hearing within ten days after the filing of the petition. She relies on former TEX.FAM.CODE ANN. § 53.05 which provided:

(a) After the petition has been filed, the juvenile court shall set a time for the hearing.

(b) The time set for the hearing shall not be later than 10 **working** days after the day the petition was filed if:

(1) the child is in detention; or

(2) the child will be taken into custody under Section 53.06(d) of this code.

Former TEX.FAM.CODE ANN. § 53.05.[4]

As acknowledged by appellant, several courts have held that the statutorily mandated time period within which to set a hearing is directory rather than jurisdictional, and the juvenile court does not lose jurisdiction absent a timely setting. *See Melendez v. State,* 873 S.W.2d 723, 724 (Tex.App.—San Antonio 1994, no pet.); *Williams v. State,* 834 S.W.2d 613, 614 (Tex.App.—San Antonio 1992, no pet.); *In the matter of S.D.,* 667 S.W.2d 820, 821–22 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.); *D.L.H. v. State,* 649 S.W.2d 826, 827 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.); *In the matter of B.V.,* 645 S.W.2d 334, 336 (Tex.App.—Corpus Christi 1982, no writ); *In the matter of M.I.L.,* 601 S.W.2d 175, 176 (Tex.Civ.App.—Corpus Christi 1980, no writ); *R.E.M. v. State,* 569 S.W.2d 613, 616 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.); *L.L.S. v. State,* 565 S.W.2d 252, 255–56 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e. per curiam,* 569 S.W.2d 495 (Tex.1978).

Despite the weight of authority to the contrary, appellant invites this Court to follow a different path and hold that the requirement of § 53.05 is mandatory given the statute's use of the word "shall." Although the word "shall" is generally construed to be mandatory, it may be and frequently is, as in the above cases, held to be directory. *Lewis v. Jacksonville Bldg. and Loan Ass'n,* 540 S.W.2d 307, 310 (Tex.1976); *Hunt v. Heaton,* 631 S.W.2d 549, 550 (Tex.App.—Beaumont), *aff'd,* 643 S.W.2d 677 (Tex.1982). In addition, a statute may be mandatory in some respects and directory in others. *Hunt,* 631 S.W.2d at 550; *Kessler v. Texas Employers' Ins. Ass'n,* 421 S.W.2d 133 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.); *Nichols v. Aldine Indep. School Dist.,*

---

**2.** The alleged offense was committed nine days before appellant's 17th birthday.

**3.** Acts 1987, 70th Leg., R.S., ch. 140, §§ 1–3, 1987 Tex.Gen.Laws 309, amended by Acts 1995, 74th Leg., R.S., ch. 262, § 34, 1995 Tex.Gen. Laws 2533. All references to § 54.02 refer to the former version unless noted otherwise.

**4.** Acts 1973, 63rd Leg., R.S., ch. 544, § 1, 1973 Tex.Gen.Laws 1460, amended by Acts 1995, 74th Leg., R.S., ch. 262, § 28, 1995 Tex.Gen.Laws 2531. The current version of § 53.05 requires that the hearing be set within ten working days after the filing of the petition. TEX.FAM.CODE ANN. § 53.05 (Vernon 1986 and Vernon Pamph.1996). All references to § 53.05 refer to the former version unless noted otherwise.

356 S.W.2d 182, 183 (Tex.Civ.App.—Houston 1962, no writ). It should be given that meaning which will best express the legislative intent. *Nichols,* 356 S.W.2d at 183. The legislative intent is to be determined from a consideration of the entire act, its nature, its object, and the consequences that follow from construction thereof. *Hunt,* 631 S.W.2d at 550; *Moore v. City of Corpus Christi,* 542 S.W.2d 720 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.); *see Nichols,* 356 S.W.2d at 183.

■ *Melendez* and the other cases cited determined, at least implicitly, that the Legislature intended that § 53.05's ten-day requirement be directory rather than mandatory. This conclusion is warranted given the general objectives of Title 3 of the Family Code and the specific objectives of § 54.02. Title 3 is aimed generally at: providing for the care, protection, and development of juveniles coming within its provisions; protecting the rights of juveniles, and rehabilitating them, if possible; and ensuring public safety and welfare. *See* former TEX.FAM.CODE ANN. § 51.01.[5] The certification proceeding provided for by § 54.02 focuses particularly upon protecting not only the rights of the child, but the safety and welfare of the public. It is only upon determining that criminal proceedings are required due to considerations of the seriousness of the offense alleged or the welfare of the community that the trial court can enter an order waiving jurisdiction. *See* former TEX.FAM.CODE ANN. § 54.02(a)(3). Construing the ten-day requirement as mandatory would certainly impede the juvenile court in its effort to provide these protections. As one example which is especially pertinent to this case, the trial court is required to order and obtain a complete diagnostic study, social evaluation and full investigation of the child, her circumstances, and the circumstances of the alleged offense for consideration at the certification hearing. Former TEX.FAM.CODE ANN. § 54.02(d). This may include psychological

and psychiatric evaluations. It would make little sense for the Legislature to require the juvenile court to order that these evaluations be done, but not permit adequate time in which to complete them. Such a requirement would not serve any of the purposes of Title 3 or § 54.02. Accordingly, we join the authorities cited above and conclude that § 53.05's ten-day requirement is directory, rather than mandatory, and the juvenile court does not lose jurisdiction in the absence of a timely setting.

■ Even though we have concluded that the ten-day requirement is not mandatory, we will nevertheless examine whether the trial court abused its discretion in not holding the certification hearing until twenty-nine days after the petition had been filed. At a detention hearing held on January 24, appellant brought the ten-day requirement of § 53.05 to the trial court's attention and complained that the certification hearing had not been held within ten days since the filing of the petition based on delinquent conduct.[6] At that point in time, however, the state had not filed its petition to waive jurisdiction. Thus, § 53.05 simply was inapplicable to the certification proceeding until January 31 when the state filed its petition. Appellant does not direct our attention to, and we have been unable to find, any other place in the record where she either objected to the failure of the trial court to set the certification proceeding for hearing within ten days after the filing of the petition, or requested a hearing earlier than that set by the court.

The juvenile court judge did not recite into the record the basis for setting the case when he did, but it appears that the delay is caused in significant part by the need for diagnostic, psychological, and psychiatric evaluations of appellant. *See Melendez,* 873 S.W.2d at 724; *Williams,* 834 S.W.2d at 614; *B.V.,* 645 S.W.2d at 336; *M.I.L.,* 601 S.W.2d at 176. Evaluation reports and other evidence are needed in order to determine

---

5. Acts 1973, 63rd Leg., R.S., ch. 544, § 1, 1973 Tex.Gen.Laws 1460, amended by Acts 1995, 74th Leg., R.S., ch. 262, § 2, 1995 Tex.Gen.Laws 2517. All references to § 51.01 refer to the former version unless noted otherwise.

6. According to comments made by the attorney for the state at this detention hearing, the state had informed appellant at a pretrial hearing held on January 12 that it intended to file a petition to waive jurisdiction and transfer appellant to district court for criminal proceedings.

whether the court should waive jurisdiction and transfer the juvenile to district court for criminal proceedings. *M.I.L.*, 601 S.W.2d at 176; *see L.L.S.*, 565 S.W.2d at 255. Given the extremely serious nature of the offense alleged, the necessity for ordering the evaluations, and the potential consequences of the certification proceeding to appellant and the community, the delay is not unreasonable. Further, appellant does not allege that the delay constituted a due process violation apart from the asserted violation of § 53.05, nor does she suggest that she suffered any prejudice as a result of the delay.

### CONCLUSION

For all of these reasons, we cannot conclude that the juvenile court abused its discretion in holding the certification hearing twenty-nine days after the state filed its petition. *See Melendez*, 873 S.W.2d at 724; *Williams*, 834 S.W.2d at 614; *B.V.*, 645 S.W.2d at 336; *M.I.L.*, 601 S.W.2d at 176–77; *L.L.S.*, 565 S.W.2d at 255–56. Point of Error One is overruled, and the order of the trial court is affirmed.

BARAJAS, Chief Justice, concurring.

I write not in disagreement with the majority opinion,[1] but to note the inconsistency in the law regarding the interpretation of the word "shall." It appears to me that the definition of "shall" depends on the area of law. As such, judges are left wondering what the word means in a wide variety of contexts. Just within the Family Code, many resources are spent determining what the word means in each particular code section. After extensive analysis of the legislative history behind the specific Family Code section, Courts often construe the word to be mandatory. *See, e.g., Voros v. Turnage*, 856 S.W.2d 759, 761 (Tex.App.—Houston [1st Dist.] 1993, writ denied) (former TEX.FAM. CODE ANN. § 14.033(k)); *Morris v. State*, 833 S.W.2d 624, 627 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd) (former TEX.FAM.CODE ANN. § 34.02); *Hanna v. Hanna*, 813 S.W.2d 626, 627 (Tex.App.—Houston [1st Dist.] 1991,

no writ) (former TEX.FAM.CODE ANN. § 14.057); *Grimes v. Flores*, 717 S.W.2d 949, 951 (Tex.App.—San Antonio 1986, no writ) (former TEX.FAM.CODE ANN. § 14.10); *Hunter v. Hunter*, 666 S.W.2d 335, 336 (Tex. App.—Houston [14th Dist.] 1984, no writ) (former TEX.FAM.CODE ANN. § 11.14(d)); *W.J.M.A. v. State*, 602 S.W.2d 397, 399 (Tex. Civ.App.—Beaumont 1980, no writ) (TEX.FAM.CODE ANN. § 54.03(b) (Vernon 1986 and Vernon Pamph.1996)); *Blancas v. Blancas*, 495 S.W.2d 597, 601 (Tex.Civ.App.—Texarkana 1973, no writ) (TEX.FAM.CODE ANN. § 3.63 (Vernon 1993)). In other instances, it is held to be merely directory. *See, e.g., D.R. v. J.A.R.*, 894 S.W.2d 91, 95 (Tex.App.—Fort Worth 1995, writ denied) (former TEX. FAM.CODE ANN. § 14.082); *Connors v. Connors*, 796 S.W.2d 233, 239 (Tex.App.—Fort Worth 1990, writ denied) (former TEX.FAM. CODE ANN. § 14.01(b)); *S.D.*, 667 S.W.2d at 821 (former TEX.FAM.CODE ANN. § 53.05).

In my opinion, the Bar and Bench spend too much time, our most important resource, wrangling over what the word means "in this particular instance." This renders the word, in legal circles, as having no truly reliable meaning. This is especially true whenever the Legislature enacts a new statute containing the word "shall." Until a published opinion appears, trial courts and parties are left to guess whether the word is mandatory or directory. When the judiciary and the Legislature are as inconsistent as to what the simple word "shall" means, it is no wonder that contemporary society often asks our young "what part of **NO** don't you understand?"

---

**1.** I understand the importance of obtaining diagnostic studies and social, psychological, and psychiatric evaluations of the child to aid the court in determining whether the child should be tried as an adult. These important matters take time, often more time than the statutorily mandated ten-day time period. Indeed, such matters should not be rushed.