**In the Matter of R.M., A Juvenile.**

**On Appellee's Motion to Dismiss**

**No. 04–82–00517–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 2, 1983.

Eduardo Saenz, San Antonio, for appellant.

Bill White, Dist. Atty., Peter Sakai, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

## OPINION

CADENA, Chief Justice.

This is an appeal from an order of the juvenile court waiving jurisdiction and transferring appellant to the district court for trial as an adult pursuant to Tex.Fam. Code Ann. § 54.02 (Vernon 1975). Appellee has filed a motion to dismiss contending that this is an interlocutory appeal governed by Tex.R.Civ.P. 385 and that appellant failed to perfect the appeal as prescribed by that rule.

This argument is without merit. In *L.L.S. v. State,* 565 S.W.2d 252 (Tex.Civ. App.—Dallas 1978, writ ref'd n.r.e.), the court addressed this issue *sua sponte* announcing that future cases before it would be governed by the perfection requirements of rule 385. The Supreme Court, in its opinion refusing the application for Writ of Error noted its disapproval of that part of the case:

> We note the further writing of the Court of Civil Appeals questioning its jurisdiction and directing that further appeals shall be governed by Rule 385.... We disagree. As to this, we hold that the

thirty-day period for the filing of the notice of appeal 'as in civil cases generally,' *see* Section 56.01(d) of the Family Code, is applicable to appeals from an order of the trial court waiving its exclusive jurisdiction and transferring the juvenile to a criminal district court for prosecution as an adult.

*L.L.S. v. State,* 569 S.W.2d 495 (Tex.1978).

Accordingly, this appeal is deemed timely perfected. Tex.Fam.Code Ann. § 56.01 (Vernon 1975); Tex.R.Civ.Pro.Ann. 386, 21c. The motion to dismiss is denied.