**In the Matter of H_____ S_____, JR.**

No. 8874.

Court of Civil Appeals of Texas, Amarillo.

March 27, 1978.

Rehearing Denied April 24, 1978.

Samuel C. Kiser, Amarillo, for appellant.

George N. Harwood, Asst. Potter County Atty., Amarillo, for appellee.

DODSON, Justice.

In this case the county attorney of Potter County, Texas, filed a petition against H_____ S_____, Jr., a minor, the appellant here, in the Court of Domestic Relations in and for Potter County, Texas, alleging that the appellant had engaged in delinquent conduct and seeking an adjudication of delinquency and such disposition of the care, control and custody of the appellant, as the court may find just and proper. The appellant waived a jury trial. The juvenile court held an adjudication hearing and a disposition hearing on the matter. The court found that H_____ S_____, Jr., had engaged in delinquent conduct and entered an order committing him to the care, custody and control of the Texas Youth Council in accordance with applicable provisions of the Texas Family Code. H_____ S_____, Jr., appeals to this court. We reverse and remand.

The appellant attacks the jurisdiction of the juvenile court, claiming the State's petition is fatally defective as a matter of substance for failure to state the "place" where the alleged delinquent conduct occurred. The State says the omission is not one of substance, that appellant received "due process and fair treatment," and that the evidence shows the appellant's alleged delinquent conduct occurred in Potter County, Texas.

Section 53.04(d)(1) of the Texas Family Code provides: "The petition *must* state: (1) with reasonable particularity the time, *place*, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts." (Emphasis added) It is undisputed that the State's petition failed to set forth with reasonable particularity the state and county or any *place* where the alleged acts of delinquent conduct occurred. Moreover, the State produced no evidence to show where the conduct occurred until after the appellant moved for dismissal on the ground that the State failed to plead and prove the place where the alleged delinquent conduct occurred.

 In support of its position, the State contends that the petition and hearings afforded the appellant satisfy the essentials of "due process and fair treatment" in juvenile delinquency proceedings under *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), and *In re S. J. C.*, 533 S.W.2d 746 (Tex.1976). These cases deal in part with minimal due process requirements under the Constitution of the United States. They do not prohibit the State from prescribing statutory requirements calculated to afford the accused in a juvenile proceeding more than minimal constitutional protection.

In D. W. M., 21 Tex.Sup.Ct.J. 242, 243 (March 4, 1978), a juvenile transfer proceeding, the Supreme Court of Texas determined, among other things, that the word "must" as used in § 53.04 and other sections set forth therein denotes mandatory statutory requirements. When, as here, the State prescribes requirements which do not contravene the U.S. Constitution, then the State must adhere to its requirements. Thus, we conclude that the State's petition, which fails to allege "with reasonable particularity . . . the place" where the alleged act of delinquent conduct occurred, does not meet the mandatory requirements of the statute, and therefore is fatally defective.

Appellant's point of error is sustained. The order of adjudication and commitment pertaining to H———— S————, Jr., is reversed and the cause is remanded to the juvenile court.