580 S.W.2d 606 (1979)
In the Matter of W. H. C., III, a child.
No. 8963.
Court of Civil Appeals of Texas, Amarillo.
March 26, 1979.
*607 Whittenburg Law Firm, Gordon Goodman, Amarillo, for appellant.
George Harwood, Asst. County Atty., Amarillo, for appellee.
DODSON, Justice.
This is a juvenile case in which the State of Texas alleged that W. H. C., III, a thirteen year old minor, committed certain acts that made him a delinquent child. An adjudication hearing was held before a jury and the child was adjudged to have engaged in delinquent conduct. Following the subsequent disposition hearing, the court entered an order committing him to the custody of the Texas Youth Council for an indeterminate period of time, not to exceed his eighteenth birthday. W. H. C., III, appeals. We reverse and remand.
In his only point of error, the child contends that the state's petition was fatally defective for failing to provide constitutionally adequate notice of the offense charged. He argues that the only paragraph in the petition detailing the gravamen of the alleged offense did not give him fair notice of the ultimate facts or specific issues that he had to defend against as required by due process under In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
In paragraph III of the petition, the state attempts to charge the child with the commission of arson under section 28.02(a) of the Texas Penal Code. This paragraph of the petition states:
That on or about the 2nd day of February, 1978, in Potter County, Texas, the said child violated a penal law of this State punishable by imprisonment, to-wit: Sec. 28.02(a) of the Texas Penal Code in that he did then and there start a fire with the intent to damage and destroy a building without the effective consent of GLYNN DOYLE CARVER, principal of River Road High School, Amarillo, Potter County, Texas.
No other paragraphs in the petition deal with the gravamen of the offense.
Section 28.02(a) of the Texas Penal Code provides:
(a) A person commits an offense if he starts a fire or causes an explosion:
(1) without the effective consent of the owner and with intent to destroy or damage the owner's building or habitation; or
(2) with intent to destroy or damage any building or habitation to collect insurance for the damage or destruction.
The petition makes no reference to the essential elements of section 28.02(a)(2). Therefore, we must surmise that the State is attempting to charge the child with the *608 commission of arson under section 28.02(a)(1). Under this subsection "a person commits an offense if he starts a fire .. without the effective consent of the owner and with intent to destroy or damage the owner's building or habitation" (emphasis added).
The child maintains that the petition fails to state who owned the building and that the owner of the building failed to give consent to the fire. We agree. These matters are essential elements of the offense of arson as defined in section 28.02(a)(1). See Robinson v. State, 204 S.W.2d 981, 981-82 (Tex.Civ.App.Austin 1947, no writ).
In Gault, the United States Supreme Court addressed due process requirements under the Fourteenth Amendment in connection with a state juvenile court adjudication of delinquency. The Court, specifically addressing notice requirements, stated:
Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must `set forth the alleged misconduct with particularity' (emphasis added).
In re Gault, 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967).
Gault details minimal due process requirements under the Constitution of the United States. It does not prohibit our State from prescribing statutory requirements calculated to afford the accused in a juvenile proceeding more than minimal constitutional protection. See In the Matter of H. S., Jr., 564 S.W.2d 446, 447 (Tex.Civ.App. Amarillo 1978, no writ). In this connection, we point out that our Legislature has enacted section 53.04(d)(1) of the Texas Family Code, which is applicable to juvenile adjudication proceedings. This subsection provides: "The petition [for an adjudication of juvenile delinquency] must state with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts" (emphasis added). Section 53.04(d)(1) denotes mandatory statutory requirements, D.W.M., 21 Tex.Sup.Ct.J. 242, 243 (March 4, 1978), which the state must adhere to in juvenile proceedings. In the Matter of H. S. Jr., supra.
We conclude that the state's petition fails to allege the owner of the building and that the owner failed to give his consent. These matters are essential elements of the offense of arson. Tex.Penal Code Ann. § 28.02(a)(1) (Vernon 1974). Absent these allegations, the petition fails to comply with the reasonable particularity requirements of Gault and section 53.04(d)(1) of the Family Code. For these reasons, the petition is fatally defective.
Notwithstanding this determination, the State contends that W. H. C., III, waived any constitutional right to proper notice because he failed to specially except to the alleged defects in the pleading as required by Rule 90 of the Texas Rules of Civil Procedure. We do not agree. Section 51.09 of the Family Code states that:
(a) Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:
(1) the waiver is made by the child and the attorney for the child;
(2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;
(3) the waiver is voluntary; and
(4) the waiver is made in writing or in court proceedings that are recorded.
The record does not reflect, and the State does not contend, that these waiver requirements have been satisfied. Accordingly, the State's contention is overruled.
In conclusion, we sustain W. H. C., III's, point of error. Accordingly, the judgment of the trial court is reversed and the cause is remanded to the juvenile court.