Lawrence Elbert ELDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 58906.

Court of Criminal Appeals of Texas,
Panel No. 1.

March 25, 1981.

Rehearing Denied April 29, 1981.

Robert M. Rose, Dallas (Charles W. Tessmer, Dallas, of counsel), for appellant.

Henry Wade, Dist. Atty., John Tatum, Ronny N. Poole and Andy Anderson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P.J., and ODOM and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

Appeal is taken from a conviction for possession of methamphetamine. Punishment was assessed by a jury at five years confinement.

In ground of error three, appellant contends that the reading of a newspaper article found at appellant's house constitutes reversible error in that the evidence was inadmissible hearsay and evidence of an extraneous offense. We agree and reverse.

On June 6, 1977, the appellant was arrested outside his home by narcotic officers. Pursuant to a search warrant, appellant's home was searched and an assortment of drugs was found. At least three persons were shown to be residing in the house; there were four persons, other than appellant, present at the time of the arrest. During the search of the house, the agents found a newspaper clipping; at the trial, the newspaper clipping was introduced for the ostensible purpose of affirmatively linking the appellant to the narcotics found in the house. The article, as read to the jury by the prosecutor, over appellant's objections, recited:

"[Prosecutor]: Members of the jury, State's Exhibit 14, the newspaper clipping, says bond set on two suspects. Two North Texas residents arrested here Tuesday night were arraigned before Justice of the Peace Matias Morin, Jr. on four counts of possession of a controlled substance. Morin set bond at fifteen hundred dollars on each of the four counts. Selmon Leslie Craig, eighteen, of Dallas and Lawrence Elbert Edler, twenty-two, of Richardson, Texas, were both transferred to the Hidalgo County Jail in lieu of bond. San Juan police were to file

burglary charges against the two individuals. Edinburg police answered a call from a resident who said two suspicious looking persons were riding in a car in the 2200 block of South Closner. Police picked up the pair and found an assortment of prescription drugs, needles, syringes and other paraphernalia in the car. San Juan Police Chief Greg Palacios said the drugs had been identified as those taken from a San Juan doctor's office in an early morning burglary on Monday."[1]

In *Beltran v. State*, 593 S.W.2d 688 (Tex. Cr.App.1980), we held,

"An extrajudicial writing may be admitted as circumstantial evidence from which an inference may be drawn, and not for the truth of the matter stated therein, without violating the hearsay rule."

The extrajudicial writing in this case was admitted for the truth of the matters stated therein and constituted the rankest hearsay. The admission of this evidence constitutes reversible error. The circumstantial evidence of appellant's guilt was weak and the State attempted to utilize evidence of the extraneous offense contained in the hearsay writing as evidence of appellant's guilt for the offense charged. See and compare *Beltran v. State*, supra; *Gholson v. State*, 542 S.W.2d 395 (Tex.Cr.App.1976); *Haynes v. State*, 475 S.W.2d 739 (Tex.Cr.App.1972).

The judgment is reversed and remanded.

---

1. The appellant also objected to other hearsay exhibits introduced by the State, which contained evidence of an extraneous offenses. Three appearance bonds, in the amounts of $3,000, $3,000 and $10,000, for two violations of the Controlled Substances Act and one for burglary of a building, were admitted, along with the newspaper clipping.