645 S.W.2d 334 (1982)
In the Matter of B.V.
No. 2681cv.
Court of Appeals of Texas, Corpus Christi.
October 28, 1982.
Rehearing Denied November 18, 1982.
Richard W. Rogers, III, Corpus Christi, for appellant.
*335 Margaret R. Horkin, Asst. County Atty., Juvenile Prosecutor, Nueces County Juvenile Dept., Mike Westergren, County Atty., Corpus Christi, for appellee.
Before NYE, C.J., and UTTER and GONZALEZ, JJ.

OPINION
NYE, Chief Justice.
This is an appeal from an order of the juvenile court of Nueces County waiving its jurisdiction over the appellant, B.V., a juvenile, and transferring his case to the district court for criminal prosecution. Appellant alleges three errors in the trial court's action.
Appellant's first point of error attacks the State's "Motion Requesting the Juvenile Court to Waive Its Jurisdiction" for failure to state the specific acts alleged and the specific penal law violated as required by Tex.Fam.Code Ann. § 53.04(d)(1) (Vernon 1975).[1]
It is true that compliance with section 53.04 is mandatory for discretionary waiver of jurisdiction and transfer to criminal court under section 54.02. The Matter of W.L.C., 562 S.W.2d 454 (Tex.1978). We hold that the State has sufficiently met the statutory requirements.
The State served the appellant and his parent each with copies of two documents and two summoners at the same time. One document was entitled "Petition;" the other was the aforementioned "Motion." The petition, which ended in a prayer for an adjudication of delinquency, was most specific in its description of the conduct alleged and the penal law violated. Because the "Petition" and "Motion" were filed together, served together and contained the same caption and cause number, they can and should be read together.
Pleading in the alternative for waiver of jurisdiction or adjudication of delinquency has been approved by the Texas appellate courts. See: Matter of G.B.B., 572 S.W.2d 751 (Tex.Civ.App.-El Paso 1978, writ ref'd n.r.e.). It does not offend due process to file a petition for adjudication and later (before action on the petition) seek waiver and transfer. R.E.M. v. State, 541 S.W.2d 841, 844 (Tex.Civ.App.-San Antonio 1976, writ ref'd n.r.e.); Stockton v. State, 506 S.W.2d 918, 919 (Tex.Civ.App.-Waco 1974, no writ).
While we do not have an expressly alternative pleading, it is not unfair to read the two documents together for purposes of determining compliance with the notice requirements of the Family Code. It is significant to us that the appellant does not claim he was denied due process because he lacked adequate notice of the offense with which he was charged and the specific acts that comprise the offense. The summons complied with the code requirement in giving notice that the purpose of the hearing was to consider waiver of jurisdiction and discretionary transfer to criminal court. No juvenile case that we could find has been reversed on such a technical ground as contended by the appellant.
All of the cases cited by appellant are distinguishable from the case at bar. In W.L.C., supra, the evidence was positive that the defendant had not been served with a copy of the petition until during the hearing itself. In H.S., Jr., 564 S.W.2d 446 (Tex.Civ.App.-Amarillo 1978, no writ), the State sought only an adjudication of delinquency. In H.S., Jr., supra, the only instrument served on the defendant was a copy of the petition for adjudication, which was admittedly deficient in that it failed to specify the place of the alleged misconduct. In W.H.C., 580 S.W.2d 606 (Tex.Civ.App.-Amarillo 1979, no writ) (another deficient petition case), the only pleading was clearly inadequate. It is similar to H.S., Jr., supra.
Although we do not think the State's pleadings are a model of effectiveness and clarity, there is no reversible error. The appellant does not claim the lack of due process or a denial of any of his constitutional guarantees. In re Gault, 387 U.S. 1, *336 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Nor does the appellant demonstrate that the error, if any, caused or probably caused the rendition of an improper judgment, Rule 434, T.R.C.P. The very able trial judge looked at the "Motion" and the "Petition" and construed them together the same as they were served and received by the appellant. Point of error number one is overruled.
In his second point of error, appellant contends that the trial court's "Order Waiving Jurisdiction" is invalid because the court failed to "certify" its action in accord with section 54.02(h).
Section 54.02(h) provides, in pertinent part:
"If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings." (emphasis added)
Appellant argues that the judge's signature on the order, without more, is insufficient to comply with the statute. While it is a novel point, it has no merit.
Appellant defines "certify" as "to attest authority." Webster's New Collegiate Dictionary 181 (1981). The dictionary's first definition of "attest" is "to affirm to be true or genuine; specifically; to authenticate by signing as a witness." Webster's New Collegiate Dictionary 72 (1981). "Authoritatively" is the adverbial form of "authoritative" which means "a: having or proceeding from authority; b: entitled to credit or acceptance." Webster's New Collegiate Dictionary (1981). We hold that the signing of the order by the judge in his capacity of presiding judge of the juvenile court is sufficient to comply with the requirement of section 54.02(h) that the court "certify" its action. Point of error number two is overruled.
Appellant's last point of error claims that the juvenile court lacked jurisdiction to act in this cause because the appellant was in detention at the time the "Motion for Transfer" was filed, and the hearing was not had within ten days after such filing. See Tex.Fam.Code Ann. § 53.05(b) (Vernon 1975).
Although section 53.05 speaks in mandatory-type language, there is no provision for loss of the juvenile court's jurisdiction if the transfer hearing is not set within ten days. Matter of M.I.L., 601 S.W.2d 175 (Tex.Civ. App.-Corpus Christi 1980, no writ); R.E.M. v. State, 569 S.W.2d 613, 616 (Tex. Civ.App.-Waco 1978, writ ref'd n.r.e.); L.L.S. v. State, 565 S.W.2d 252, 255 (Tex. Civ.App.-Dallas 1978, writ ref'd n.r.e.). The appellant did not request a setting within the ten day period, does not complain of an abuse of discretion, or argue that the delay was so long as to constitute a deprivation of due process. Under these circumstances, though neither a waiver nor a proper ground for postponement affirmatively appears in the record, we hold that the juvenile court was not deprived of jurisdiction as a matter of law. Point of error number three is overruled.
The order of the juvenile court is AFFIRMED.
GONZALEZ, Justice, dissenting.
I respectfully dissent. I do not agree with the majority that the missing elements on the pleading to waive jurisdiction can be supplied by another pleading. I would sustain appellant's first ground of error and reverse and remand the case for a new trial.
This is an appeal in a juvenile case in which the juvenile court waived its jurisdiction over B.V., and transferred his case to the district court for criminal proceedings. The main issue is whether the petition to transfer was defective because it failed to comply with the mandatory provisions of § 53.04(d) Tex.Fam.Code (Supp.1981).
The State initiated a juvenile delinquent proceeding against B.V. and requested that he be adjudicated as being a child engaged in delinquent conduct. Contemporaneously, the State also filed a petition which requested that the juvenile court waive its jurisdiction and transfer appellant to district *337 court to stand trial as an adult. As is readily apparent, these pleadings are inconsistent. The first one would afford the young man the special treatment of our juvenile justice system and the other one would treat him as an adult. Therefore, the pleadings are diametrically opposed to one another and in my opinion they must stand or fall on their own merits. They were not even incorporated by reference and I doubt that they could have been.
Section 53.04 of the Tex.Fam.Code (Supp. 1981) in pertinent part reads as follows:
(a) ... a petition for an adjudication or transfer hearing (emphasis added) ...
(d) The petition must state:
(1) with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts;
It is undisputed that the State's motion requesting the juvenile court to waive its jurisdiction and to transfer the case to district court did not contain allegations "with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts."
By special exception and motion to dismiss the transfer petition, appellant called this fact to the court's attention. Therefore, the State had ample opportunity to correct their error and they chose not to. They argued that their petition complied with the Code. The trial court overruled the special exception and denied appellant's motion to dismiss. This action by the court is the basis of appellant's first point of error.
Our Supreme Court has stated that the petition and notice requirements of sections 53.04, 54.05, 53.06 and 53.07 must be complied with.
"Compliance with section 54.02(b) and the Code sections to which it refers is mandatory and prerequisite to the juvenile court jurisdiction to consider waiver of jurisdiction and discretionary transfer to criminal court." In the Matter of W.L.C., 562 S.W.2d 454, 455 (Tex.1978).
Our case is also similar to the facts in In the Matter of H_____ S_____ Jr., 564 S.W.2d 446 (Tex.Civ.App.-Amarillo 1978, no writ). In this case the county attorney filed a petition against a minor seeking an adjudication of delinquency. After a hearing, the trial court found that the minor had engaged in delinquent conduct and entered an order committing him to the custody of the youth council. The minor appealed alleging that the State's petition was fatally defective for failure to state the place where the delinquent conduct occurred. The court found that the petition was fatally defective and reversed the case. See also In the Matter of W.H.C., III, 580 S.W.2d 606 (Tex.Civ.App.-Amarillo 1979, no writ) for a similar problem with similar (reversal) results.
The majority in relying in part on In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.1d 527 (1967), misses the point. The issue is not notice and due process but strict compliance with the pertinent Code provisions as mandated by the Supreme Court in In the Matter of W.L.C., supra. By putting its stamp of approval on substantial compliance (rather than strict compliance) with the statutory requirements in question, the majority has opened the door to the gradual erosion of these salutory provisions of the Code.
Also, there is a danger that the majority's opinion will cause unnecessary confusion in these type of cases by stating "nor does the appellant demonstrate that the error, if any, caused or probably caused the rendition of an im-proper judgment, Rule 434, T.R.C.P." What does this mean? Must all alleged errors in these proceedings, be judged by this standard?
For these reasons, I disagree with the majority's opinion and I would reverse and remand the case to the juvenile court.
NOTES
[1] Unless otherwise indicated, all citations are to Tex.Fam.Code Ann. (Vernon 1975).