Roland GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00072–CR.

Court of Appeals of Texas, San Antonio.

May 13, 1987.

Mercedes J. Kutcher, Robert G. Brame, San Antonio, for appellant.

Alger H. Kendall, Jr., Dist. Atty., Karnes City, for appellee.

Before BUTTS, DIAL and CHAPA, JJ.

### OPINION

DIAL, Justice.

The defendant was convicted in a jury trial of aggravated kidnapping. The jury assessed his punishment at 75 years confinement.

The evidence established that the defendant was in custody in the Karnes County jail awaiting trial on two felony indictments. He overpowered a jailer by using a handmade knife. He forced the jailer to call a female dispatcher to come into the area of the jail that the defendant was occupying. He then held both as hostages for some seven hours. He finally surrendered to a group of officers.

In a single point of error the defendant complains of the trial court overruling his objection to the prosecutor's cross-examination as to the details of a prior offense not material to the case on trial.

During the guilt/innocence phase of the trial the defendant testified in his own behalf. On cross-examination there was some dispute as to how many times the defendant had been previously convicted of felonies. The district attorney was contending that there were multiple convictions for which punishment was served concurrently. The defendant asserted by his answer that there was only one conviction. The following then transpired:

Q. (BY MR. KENDALL) Now Roland, when you were charged—when you committed the offense in Sinton, which this twelve-and-a-half years was for, that was for a Dodge pickup; is that not right?

A. Unauthorized use of a motor vehicle. Right.

Q. What name was [sic] you using?

A. What name was I using? Clemente Martinez.

Q. How about Richard Perez; were you also using that name?

A. No, sir. They got that name out of Bexar County.

Q. You used that in Bexar County.

A. Right.

Q. Roland, this pickup that you were charged with unauthorized use down there, this was—you didn't just go on a parking lot one night and steal it, and drive off in it; did you?

A. No, sir.

Q. You actually convinced this fellow that you were going to buy it, and spend some money, and drove it off, and you wouldn't return it; isn't that what happened?

A. Yes, sir.

Q. So, you went down and conned him, you were going to buy it, and you told a bunch of people there you were going to open a business, bought a building, and rented a building, and never paid for anything, and got the pickup; that is how this happened; isn't it?

A. Say it again. Repeat the question, please.

Q. You went down to Sinton.

A. Right.

Q. And conned this fellow to let you have this pickup, thinking you you were going to buy it, and you didn't return it; isn't that right?

A. No. My intentions were to buy it.

Q. But, you didn't return it.

A. Right.

Q. You also told some people you were going to start a business; didn't you?

A. I did.

Q. And you either rented a building or started to buy a building—

MS. KUTCHER: Your Honor, I object. Renting a building, starting a business—I don't see the relevancy of this.

THE COURT: You may continue. Don't go into it too deeply.

MR. KENDALL: Thank you.

Q. (BY MR. KENDALL) The point, Roland, you went down there to Sinton, and got the truck, got some other things, and

told a bunch of people a bunch of stories down there; didn't you?

A. They weren't stories; they were true.

We note first that the objection at trial based on relevancy is not the same point of error urged on appeal, *i.e.,* impermissible details of an extraneous offense. The point of error on appeal must comport with the objections made by counsel at the trial otherwise nothing is presented for review. *Milligan v. State,* 554 S.W.2d 192 (Tex. Crim.App.1977).

Assuming the error was preserved, we feel it does not warrant a reversal of the conviction.

■ Proof of an extraneous offense is generally not admissible because the defendant is entitled to be tried for the offense for which he is charged and not for being a criminal generally. Evidence of an extraneous offense is not admissible to show the defendant's general propensity to commit crime. *Sanders v. State,* 604 S.W.2d 108 (Tex.Crim.App.1980). But if a defendant testifies as a witness, his credibility can be attacked as any other witness. For that purpose evidence that he has been convicted of a crime (a felony or misdemeanor involving moral turpitude) may be admitted if not more than ten years has elapsed since the date of conviction or the witness's release from confinement, whichever is the later date. TEX.R.EVID. 609(a) and (b).

■ However, in introducing evidence of prior convictions of a defendant, the State is not permitted to allude to or in any way bring before the jury the facts surrounding the commission of the offense forming the basis for such conviction. *Walker v. State,* 610 S.W.2d 481, 483 (Tex.Crim.App.1980). To do so may be reversible error. Certainly this Court must reverse any judgment under review if the record reveals error in the proceedings below unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. TEX.R.APP.P. 81(b)(2); *Jordan v. State,* 576 S.W.2d 825, 829–830 (Tex.Crim.App.1978).

■ In view of the virtually undisputed evidence of commission of the offense, we find beyond a reasonable doubt that the complained of cross-examination did not contribute to the conviction of the defendant for the offense of aggravated kidnapping.

It is always more difficult to say that error was harmless beyond a reasonable doubt on the issue of punishment. *See Jordan v. State,* 576 S.W.2d 825; *Baldwin v. State,* 659 S.W.2d 730 (Tex.App.—El Paso 1983, pet. ref'd). However, it was clearly established that the defendant held two law enforcement related personnel in a life-threatening situation for approximately seven hours. Even when he was being overpowered by the officers at the end, he used his homemade weapon to cut one of his victims. It was also undisputed that the defendant had been an inmate of the federal penitentiary and an inmate of the Texas penitentiary, having five felony convictions in Texas alone. He also had two felony cases pending for which he was incarcerated at the time he committed the incident offense. There was evidence he was trying to escape to go to Mexico.

The maximum punishment for the offense charged was 99 years or life and a fine not to exceed $10,000.00. In his final summation the district attorney stated that he felt 99 years was not too much to give in the present situation. He asked the jurors if they wished to give the defendant credit for the fact that he did not kill someone, that they return a verdict of not less than 75 years. That is exactly what the jury did.

In view of the above we do determine beyond a reasonable doubt that the erroneous cross-examination of the defendant made no contribution to the punishment. The point of error is overruled.

The judgment of conviction is affirmed.