Benito **VILLALOBOS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–87–375–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1988.

Patrick J. McGuire, Corpus Christi, for appellant.

Grant Jones, Deanie M. King, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Benito Villalobos, guilty of murder. One prior felony offense was alleged in the indictment for enhancement purposes. The trial court assessed punishment in the Texas Department of Corrections for life. We affirm.

On the evening of February 20, 1987, police were called to the scene of a shooting. Officer Gonzalez spoke with a woman at the scene who told him that "Benito" shot her husband and then ran towards an apartment. The officer went to this apartment and learned from appellant's brother that appellant had just run out the back door. An officer at the scene called the police dispatcher, advising that a "be on the lookout" report should be issued for appellant. Constable Pena received the report that appellant was a suspect in the shooting and he arrested him that same evening. Appellant indicated a desire to discuss the incident with police. Officer Guerra presented him before a magistrate to have his rights read to him. Appellant then gave a signed statement, relating to the killing.

In his first point of error, appellant argues that the trial court erred in failing to sustain his motion to suppress evidence obtained after his warrantless, unlawful arrest.

An officer who does not have probable cause to make a warrantless arrest may act upon the basis of information relayed to him by another officer requesting that an arrest be made. The test for probable cause in this situation is the strength of the information known to the officer who requests another officer to make the arrest. *Tarpley v. State*, 565 S.W.2d 525, 529 (Tex.Crim.App.1978). However, where several officers are involved in the same criminal investigation, all of the information known to the cooperating officers at the time of the arrest is considered in determining probable cause. *Garrison v. State*, 726 S.W.2d 134, 137 (Tex.Crim.App.1987).

In the case before us, the collective knowledge of all the police officers at the time of the arrest indicated that an individual had been shot by the appellant, and that he fled the scene on foot. Police broadcasts that are based on probable cause, report a felony, and give a description of the suspect satisfy the requirements for a warrantless arrest pursuant to Tex.

Code Crim.Proc.Ann. art. 14.04 (Vernon 1977). *Law v. State,* 574 S.W.2d 82, 84 (Tex.Crim.App.1978). We find that Pena made a lawful, warrantless arrest of appellant under art. 14.04.

Appellant argues in his brief that the admission of his confession into evidence was erroneous and prejudicial because the police threatened him and denied him his right to an attorney before he signed his confession.

The record indicates otherwise. Guerra and Officer Mejia took appellant's confession after he had been presented before a magistrate. Guerra testified that he asked appellant if he wanted to confer with an attorney prior to signing his confession. Appellant responded that he did not want one. Both Mejia and Guerra testified that neither of them made any promises, threats, or used force to get appellant to sign his confession. Appellant testified that on several occasions, prior to signing his confession, he requested to see an attorney. He also stated that Guerra made several threats against him in order to get him to sign his confession.

In a separate hearing where the facts are in dispute concerning the voluntariness and admissibility of a confession, the trial court is the sole judge of the credibility of the witnesses. Absent a showing of an abuse of discretion, this Court will not disturb the findings of the trial court on appeal. *Russell v. State,* 727 S.W.2d 573, 575 (Tex.Crim.App.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 164, 98 L.Ed. 119 (1987). Even though appellant disputed the testimony given by the interrogating officers, the trial court chose to believe their version of the facts and resolved all conflicts in their favor. We find nothing in the record to show that this was an abuse of discretion. The trial court did not err in ruling appellant's confession to be voluntary and admissible. Appellant's first point of error is overruled.

In his second point of error, appellant argues that the trial court erred in receiving prejudicial evidence of a separate extraneous offense. During the trial, Guerra testified that the pistol used to kill the deceased had been identified as the one stolen in a burglary which occurred on the same day and prior to the time appellant shot the deceased. Appellant objected to the mentioning of the extraneous offense, requested the jury be instructed, and asked for a mistrial. The trial court overruled the objection and gave no limiting instruction.

Evidence of an extraneous offense must involve evidence of prior criminal conduct by the appellant. If the evidence does not show that an offense was committed or that the appellant was connected to the offense, then evidence of an extraneous offense is not established. *McKay v. State,* 707 S.W.2d 23, 31–32 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). Here, the evidence indicates that the pistol used to kill the deceased was stolen in a burglary which occurred on the same day, but prior to the time appellant shot the deceased. An eyewitness testified that this pistol looked just like the one appellant used to kill the deceased. The pistol was found near the scene of the shooting. This evidence connects the appellant to the extraneous offense of burglary. As such, the trial court erred in admitting the evidence of the extraneous offense. However, we must determine whether this error in admitting the evidence was harmful. In making this determination, we must resolve whether there is a reasonable possibility that the complained of evidence might have contributed to appellant's conviction or affected his punishment. *Alexander v. State,* 740 S.W.2d 749, 765 (Tex.Crim.App. 1987).

In the case before us, the evidence of appellant's guilt is overwhelming. An eyewitness testified she saw the appellant shoot the deceased, appellant gave a written confession, stating that he shot the deceased, and a medical examiner testified that the deceased died as a result of a gunshot wound to the chest. Where evidence of guilt is clearly established, even constitutional error may be harmless. *Phenix v. State,* 488 S.W.2d 759, 762 (Tex. Crim.App.1972); *Guerra v. State,* 648 S.W.

2d 715, 718 (Tex.App.—Corpus Christi 1982, pet. ref'd.). The trial court is presumed to have disregarded the inadmissable testimony in sentencing appellant. *Moton v. State*, 540 S.W.2d 715, 716 (Tex. Crim.App.1976); *Trevino v. State*, 655 S.W.2d 210, 212 (Tex.App.—Corpus Christi 1983, no pet.). We hold that the evidence of the extraneous offense was harmless beyond a reasonable doubt. *See Bell v. State*, 620 S.W.2d 116, 126 (Tex.Crim.App. 1981); *see also* Tex.R.App.P. 81(b)(2). Appellant's second point of error is overruled.

In his third and fourth points of error, appellant argues that the trial court erred in failing to grant his timely motion for mistrial because of prejudicial conduct of the prosecuting attorney in the presence of the jury and because of other prejudicial occurrences in the jury's presence.

Appellant argues that the conduct of the prosecutor in eliciting the testimony concerning the extraneous offense and the conduct of the witness in answering the questions was so prejudicial that his conviction must be reversed. The State argued to the bench and argues in its brief that the question was asked in order to establish ownership of the weapon, since appellant had previously asked a witness whether a check had been made on the weapon with the federal people.

An error in asking an improper question or in admitting improper testimony will not result in the reversal of a conviction unless the question or evidence is clearly calculated to inflame or prejudice the minds of the jury. *See Boyde v. State*, 513 S.W.2d 588, 593 (Tex.Crim.App.1974). In the case before us, neither the question nor the testimony was of the nature which would prejudice or inflame the minds of the jurors. The jury's knowledge that appellant may have been connected to a burglary could not have greatly influenced their verdict in light of the overwhelming evidence of appellant's guilt. Appellant's third and fourth points of error are overruled.

In his fifth point of error, the appellant argues that the trial court erred in permitting the State to cross-examine him concerning details of a prior offense not material to the case on trial.

Appellant testified on direct examination that he had previously been convicted of aggravated assault. The State on cross-examination elicited from appellant the fact that he used a firearm during the commission of the offense. The State cannot expose to the jury the details of appellant's prior conviction, and, therefore, the trial court erred in admitting this evidence. *See Stevens v. State*, 671 S.W.2d 517, 522 (Tex.Crim.App.1984); *see also Baldwin v. State*, 659 S.W.2d 730, 733 (Tex.App.—El Paso 1983, pet. ref'd.). Nevertheless, in light of the overwhelming evidence of appellant's guilt, we hold that this testimony did not contribute to appellant's conviction for murder or his punishment. Appellant's fifth point of error is overruled.

In his sixth point of error, appellant argues that the trial court erred in denying his special requested jury charge concerning his right to strike first.

Appellant's requested charge on the right to strike first was not necessary because the self-defense charge as given by the trial court, particularly the portion relating to appellant's reasonable belief that deadly force was immediately necessary to protect himself, adequately preserved his right in that regard. When the charge refused is akin to or is adequately covered by the charge given by the trial court, appellant is not harmed. *Sheppard v. State*, 545 S.W.2d 816, 819 (Tex. Crim.App.1977). Therefore, the trial court did not err in failing to submit appellant's charge on his right to strike first. Appellant's sixth point of error is overruled.

In his seventh point of error, appellant argues that the trial court erred in failing to grant his motion for mistrial because of prejudicial occurrences in the jury's presence.

An eyewitness to the shooting testified that she was glad that appellant did not shoot her and her two children. Appellant's objection was sustained, an instruction to the jury to disregard was given, and

appellant's motion for mistrial was overruled. It has long been the general rule that error in admitting improper evidence may be corrected by a withdrawal and an instruction to disregard it except in extreme cases where the evidence is clearly calculated to inflame the mind of the jury and suggests the impossibility of withdrawing the impression produced on their minds. *Waldo v. State*, 746 S.W.2d 750, 752 (Tex. Crim.App.1988). Under the facts of the case before us, the trial court's instruction cured any possible error. We hold the trial court did not err in failing to grant appellant's motion for mistrial.

 Appellant's second complaint involves testimony by the same eyewitness that appellant is known by all the police in Robstown. After this statement was made, the State moved on and asked a question not related to this testimony. Appellant then objected that the witness' prior statement referring to him being known by all the police in Robstown was prejudicial. A timely objection is required in order to preserve error regarding the alleged improper admission of evidence. In order for the objection to be considered timely, it must be made as soon as the ground for the objection becomes apparent. *Thompson v. State*, 691 S.W.2d 627, 635 (Tex. Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *see Ward v. State*, 522 S.W.2d 228, 231 (Tex. Crim.App.1975). Here, the alleged ground for objection became apparent at the moment the witness completed her statement. Appellant has not shown good cause for the delayed objection. Therefore, nothing is preserved for review. Appellant's seventh point of error is overruled.

Appellant's motion for mistrial was overruled. It has long been the general rule that error in admitting improper evidence may be corrected by a withdrawal and an instruction to disregard it except in extreme cases where the evidence is clearly calculated to inflame the mind of the jury and suggests the impossibility of withdrawing the impression produced on their minds.

 In his final point of error, appellant argues that the trial court erred in holding the evidence sufficient to sustain his conviction because his prior conviction used for enhancement was void.

The appellant, as a juvenile, had been charged with aggravated assault. The juvenile court issued an order waiving its jurisdiction and transferred the case to the district court for criminal prosecution. Appellant appealed this order. The order was affirmed by this Court with one Justice dissenting. *See In Re B.V.*, 645 S.W.2d 334, 336 (Tex.App.—Corpus Christi 1982, no pet.)

At the sentencing phase of the instant case, the State offered into evidence a penitentiary packet showing that appellant had plead guilty to the aggravated assault which he was charged with as a juvenile. The appellant objected on the ground that his conviction for aggravated assault was void. Appellant based his objection on the dissent of Justice Raul Gonzalez in *In Re B.V.*

The majority had held proper the order of the juvenile court waiving its jurisdiction and transferring appellant's juvenile case to district court for criminal prosecution. *In Re B.V.* 645 S.W.2d at 336. No appeal of that case was taken from this Court. Therefore, the judgment of this Court became final. Appellant's conviction for aggravated assault was not void. Appellant's eighth point of error is overruled.

The judgment of the trial court is AFFIRMED.