IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-409-CR




KENT ANTHONY KRUEGER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW OF COMAL COUNTY



NO. 93CR-314, HONORABLE FRED CLARK, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of assault with bodily injury. Tex. Penal Code Ann.
§ 22.01 (West 1989 & Supp. 1994). The county court at law assessed punishment at incarceration
for thirty days and a $750 fine.

 On an afternoon in March 1993, appellant was riding his motorcycle in a park on
Canyon Lake. Appellant backed the motorcycle into a car owned by Jennifer Swanson, scratching
the paint. Swanson's friend, Guadalupe DeHoyos, walked up to appellant, turned off the
motorcycle, and attempted to show appellant the damage to the car. When DeHoyos turned and
began to walk away, appellant struck him on the head with his motorcycle helmet. Appellant
testified that he felt threatened by DeHoyos's actions and hit him in self-defense.

 In point of error one, appellant contends the court erred by refusing to instruct the
jury as follows:



 In the act of inflicting injury on defendant by some act on another's part,
the defendant was not required to wait until the injury was actually inflicted, but
he would have the right to strike before he received the violence, if any, and would
further have the right to continue his defense by following that individual and
inflicting such violence as appeared to him to be necessary in his defense.



The court's charge to the jury did contain this instruction:



 The law provides a person is justified in using force against another when
and to the degree he reasonably believes that force is immediately necessary to
protect himself against the other's use or attempted use of unlawful force.


 Now if you find from the evidence that on the occasion in question the
defendant was justified or provoked in using force against another when and to the
degree he reasonably believed the force was necessary to protect himself or his
property against the other's use of attempted use of unlawful force, you will acquit
him and say by your verdict "not guilty."


 The use of force is not justified if the defendant provoked the other's use
or attempted use of unlawful force.



 The requested instruction on the right to strike first was unnecessary because the
instruction given, particularly that part relating to appellant's reasonable belief that force was
immediately necessary to protect himself, adequately preserved his rights in that regard. Sheppard
v. State, 545 S.W.2d 816, 819 (Tex. Crim. App. 1977); Villalobos v. State, 756 S.W.2d 847, 851
(Tex. App.--Corpus Christi 1988, no pet.). The first point of error is overruled.

 Appellant's second point of error is that the court's refusal of the requested
instruction on the right to strike first forced him to give evidence against himself in violation of
his constitutional privilege against self-incrimination. U.S. Const. amend. V; Tex. Const. art.
I, § 10. After several defense witnesses testified, the court refused all of appellant's requested
self-defense instructions on the ground that there was no evidence to support them. Appellant
then testified, after which the court instructed the jury as discussed above.

 Appellant does not contend that there was evidence other than his own testimony
raising the issue of self-defense, and he does not assert that the court's initial refusal to give a self-defense instruction was error. We decline to hold that a defendant who finds it necessary to
testify in order to raise a defensive issue has been compelled unconstitutionally to give evidence
against himself. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: January 12, 1994

Do Not Publish