COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-260-CV

 

 

IN THE MATTER OF T.L.K.

                                                                                                                             

 

                                                       ------------

 

              FROM
THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

This is a
juvenile case in which the State alleged that Appellant T.L.K., a
fifteen-year-old minor, engaged in three counts of delinquent conduct.  An adjudication hearing was held before a
jury and T.L.K. was adjudged delinquent on two counts.  T.L.K. appeals, arguing (1) insufficient
evidence to support a finding of delinquency and (2) lack of jurisdiction.  Because we find the juvenile court lacked
jurisdiction, we vacate its judgment and dismiss the case.








In his
second issue, T.L.K. attacks the jurisdiction of the juvenile court, claiming
that the State=s petition is fatally defective
for failure to state the Aplace@ where
his alleged delinquent conduct occurred. 
According to section 53.04 of the family code, a petition to adjudicate
delinquency Amust state[,] . . . with
reasonable particularity[,] the time, place, and manner of the acts alleged and
the penal law or standard of conduct allegedly violated by the acts.@  Tex. Fam. Code. Ann. '
53.04(d)(1) (Vernon 2008).

Here, the
State concedes that both its original and amended petitions fail to set forth
with reasonable particularity the Aplace@ where
T.L.K.=s alleged
delinquent conduct occurred.  The State,
however, asserts that even without this information, T.L.K. was afforded fair
treatment and due process or, in the alternative, T.L.K. waived this issue
because he failed to object, file a motion, or specially except to the alleged
defect.  We first determine whether
T.L.K. preserved this issue for our review. 

Juvenile
delinquency proceedings are governed by title 3 of the family code, also known
as the juvenile justice code.  See id.
'' 51.01B61.107
(Vernon 2008); In re R.J.H., 79 S.W.3d 1, 6 (Tex. 2002).  Title 3 includes section 51.09, which states
that:

Unless a contrary intent
clearly appears elsewhere in this title, any right granted to a child by this
title or by the constitution or laws of this state or the United States may be
waived in proceedings under this title if:       

 

(1) the waiver is made by the child and the attorney for the child;

 

(2) the child and the attorney waiving the right are informed of and
understand the right and the possible consequences of waiving it;

 

(3) the waiver is voluntary; and

 

(4) the waiver is made in writing or in court proceedings that are
recorded.

 








Id. '
51.09.  Title 3 also includes section
53.04, which, as previously noted, provides a child with the right to fair
notice of the charges he will be required to meet.  Id. '
53.04(d)(1).  Because the right to fair
notice is a right given to a child by title 3, it is a right that can be waived
only in the manner provided for in section 51.09.  See R.A.M. v. State, 599 S.W.2d 841, 848
(Tex. Civ. App.CSan Antonio 1980, no writ)
(concluding juvenile had not waived his rights to fair notice under section
53.04 because section 51.09=s waiver
requirements had not been satisfied);  In
re W.H.C., 580 S.W.2d 606, 608 (Tex. Civ. App.CAmarillo
1979, no writ) (concluding same); but see Tex. Code Crim. Proc. Ann.
art. 1.14(b) (Vernon 2005) (stating that if an adult criminal defendant does
not object to a defect, error, or irregularity of form or substance in an
indictment before the date on which the trial commences, he waives the defect
for purposes of review on appeal).  

Here, the
record does not reflect, and the State does not contend, that T.L.K. waived his
right to fair notice in the manner provided for in section 51.09.  Therefore, this issue is properly before
us.  Id.  We next determine whether the State=s
petition afforded T.L.K. fair noticeCin other
words, whether T.L.K. was afforded fair treatment and due process.     

Although
juvenile delinquency proceedings are civil in nature, the child is entitled to
the essentials of due process and fair treatment because the proceedings may
result in the child being deprived of liberty. 
In re J.R.R., 696 S.W.2d 382, 383 (Tex. 1985) (per curiam).  Accordingly, the United States Supreme Court
has held that A[n]otice, to comply with due
process requirements, must be given sufficiently in advance of scheduled court
proceedings so that reasonable opportunity to prepare will be afforded, and it
must >set forth
the alleged misconduct with particularity.=A  In re Gault, 387 U.S. 1, 33, 87 S. Ct.
1428, 1446 (1967).  Likewise, Texas
courts have recognized that due process requires that a juvenile be informed of
the specific issues he is to meet.  See Carrillo v. State, 480 S.W.2d 612, 615
(Tex. 1972) (citing In re Gault, 387 U.S. at 33, 87 S. Ct. at 1446); In
re B.P.H., 83 S.W.3d 400, 405 (Tex. App.CFort
Worth 2002, no pet.).  








The Texas
Legislature codified In re Gault in Texas Family Code section
53.04(d)(1).  Lanes v. State, 767
S.W.2d 789, 794 (Tex. Crim. App. 1989). Section 53.04, however, prescribes Astatutory
requirements calculated to afford the accused in a juvenile proceeding more
than minimal constitutional protection.@  In re H.S., Jr., 564 S.W.2d 446, 447 (Tex.
Civ. App.CAmarillo 1978, no writ).  These statutory requirements are mandatory. B.P.H.,
83 S.W.3d at 405 (citing In re D.W.M., 562 S.W.2d 851, 853 (Tex. 1978)
(holding that the word Amust,@ as used
in section 53.04, denotes mandatory statutory requirements)).  








We
conclude, therefore, that the State=s
petition, which fails to set forth with reasonable particularity the Aplace@ where
T.L.K.=s alleged
delinquent conduct occurred, does not satisfy mandatory statutory requirements
and is fatally defective.  See H.S.,
Jr., 564 S.W.2d at 448 (concluding State=s
petition was fatally defective when petition failed to allege with reasonable
particularity the place where the alleged delinquent conduct occurred and
declaring that when the AState prescribes requirements
which do not contravene the U.S. Constitution, then the State must adhere to
its requirements.@); see also W.H.C., 580
S.W.2d at 608 (holding State=s
petition was fatally defective because it failed to allege essential elements
of the offense).[1]  Consequently, the juvenile court lacked
jurisdiction.  Cf. In re D.W.M.,
562 S.W.2d at  851B52
(declaring that juvenile court=s failure
to comply with section 54.02(b)=s notice
requirements in a discretionary transfer case deprived the juvenile court of
jurisdiction to consider the transfer). 
Accordingly, we sustain T.L.K.=s second
issue.[2]  We vacate the judgment of the juvenile court
and dismiss the case for lack of jurisdiction. 


 

 

BOB MCCOY

JUSTICE

 

 

PANEL:  DAUPHINOT, WALKER, and
MCCOY, JJ.

 

DELIVERED: June 10, 2010

 

 

                                                              











[1]To the extent the State
argues that testimony during trial established the Aplace@ and therefore T.L.K. was
afforded due process and fair treatment, we disagree.  See H.S., Jr., 564
S.W.2d at 447B48 (concluding petition
and hearings did not afford appellant due process and fair treatment because
petition did Anot meet the mandatory
requirements of the statute@). 





[2]Having sustained T.L.K.=s second issue, we need
not address his first issue.  See
Tex. R. App. P. 47.1.