

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-260-CV

IN THE MATTER OF T.L.K.

------------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

## OPINION

------------

This is a juvenile case in which the State alleged that Appellant T.L.K., a fifteen-year-old minor, engaged in three counts of delinquent conduct. An adjudication hearing was held before a jury and T.L.K. was adjudged delinquent on two counts. T.L.K. appeals, arguing (1) insufficient evidence to support a finding of delinquency and (2) lack of jurisdiction. Because we find the juvenile court lacked jurisdiction, we vacate its judgment and dismiss the case.

In his second issue, T.L.K. attacks the jurisdiction of the juvenile court, claiming that the State's petition is fatally defective for failure to state the "place" where his alleged delinquent conduct occurred. According to section 53.04 of the family code, a petition to adjudicate delinquency "must

state[,] . . . with reasonable particularity[,] the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts." Tex. Fam. Code. Ann. § 53.04(d)(1) (Vernon 2008).

Here, the State concedes that both its original and amended petitions fail to set forth with reasonable particularity the "place" where T.L.K.'s alleged delinquent conduct occurred. The State, however, asserts that even without this information, T.L.K. was afforded fair treatment and due process or, in the alternative, T.L.K. waived this issue because he failed to object, file a motion, or specially except to the alleged defect. We first determine whether T.L.K. preserved this issue for our review.

Juvenile delinquency proceedings are governed by title 3 of the family code, also known as the juvenile justice code. See id. §§ 51.01-61.107 (Vernon 2008); In re R.J.H., 79 S.W.3d 1, 6 (Tex. 2002). Title 3 includes section 51.09, which states that:

> Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:
>
> (1) the waiver is made by the child and the attorney for the child;
>
> (2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;
>
> (3) the waiver is voluntary; and
>
> (4) the waiver is made in writing or in court proceedings that are recorded.

Id. § 51.09. Title 3 also includes section 53.04, which, as previously noted, provides a child with the right to fair notice of the charges he will be required to meet. Id. § 53.04(d)(1). Because the right to fair notice is a right given to a child by title 3, it is a right that can be waived only in the manner

2

provided for in section 51.09.  See R.A.M. v. State, 599 S.W.2d 841, 848 (Tex. Civ. App.–San Antonio 1980, no writ) (concluding juvenile had not waived his rights to fair notice under section 53.04 because section 51.09's waiver requirements had not been satisfied);  In re W.H.C., 580 S.W.2d 606, 608 (Tex. Civ. App.–Amarillo 1979, no writ) (concluding same); but see Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005) (stating that if an adult criminal defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which the trial commences, he waives the defect for purposes of review on appeal).

Here, the record does not reflect, and the State does not contend, that T.L.K. waived his right to fair notice in the manner provided for in section 51.09.  Therefore, this issue is properly before us.  Id.  We next determine whether the State's petition afforded T.L.K. fair notice–in other words, whether T.L.K. was afforded fair treatment and due process.

Although juvenile delinquency proceedings are civil in nature, the child is entitled to the essentials of due process and fair treatment because the proceedings may result in the child being deprived of liberty.  In re J.R.R., 696 S.W.2d 382, 383 (Tex. 1985) (per curiam).  Accordingly, the United States Supreme Court has held that "[n]otice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.'"  In re Gault, 387 U.S. 1, 33, 87 S. Ct. 1428, 1446 (1967).  Likewise, Texas courts have recognized that due process requires that a juvenile be informed of the specific issues he is to meet.  See Carrillo v. State, 480 S.W.2d 612, 615 (Tex. 1972) (citing In re Gault, 387 U.S. at 33, 87 S. Ct. at 1446); In re B.P.H., 83 S.W.3d 400, 405 (Tex. App.–Fort Worth 2002, no pet.).

3

The Texas Legislature codified In re Gault in Texas Family Code section 53.04(d)(1). Lanes v. State, 767 S.W.2d 789, 794 (Tex. Crim. App. 1989). Section 53.04, however, prescribes "statutory requirements calculated to afford the accused in a juvenile proceeding more than minimal constitutional protection." In re H.S., Jr., 564 S.W.2d 446, 447 (Tex. Civ. App.–Amarillo 1978, no writ). These statutory requirements are mandatory. B.P.H., 83 S.W.3d at 405 (citing In re D.W.M., 562 S.W.2d 851, 853 (Tex. 1978) (holding that the word "must," as used in section 53.04, denotes mandatory statutory requirements)).

We conclude, therefore, that the State's petition, which fails to set forth with reasonable particularity the "place" where T.L.K.'s alleged delinquent conduct occurred, does not satisfy mandatory statutory requirements and is fatally defective. See H.S., Jr., 564 S.W.2d at 448 (concluding State's petition was fatally defective when petition failed to allege with reasonable particularity the place where the alleged delinquent conduct occurred and declaring that when the "State prescribes requirements which do not contravene the U.S. Constitution, then the State must adhere to its requirements."); see also W.H.C., 580 S.W.2d at 608 (holding State's petition was fatally defective because it failed to allege essential elements of the offense).[1] Consequently, the juvenile court lacked jurisdiction. Cf. In re D.W.M., 562 S.W.2d at 851-52 (declaring that juvenile court's failure to comply with section 54.02(b)'s notice requirements in a discretionary transfer case

---

[1] To the extent the State argues that testimony during trial established the "place" and therefore T.L.K. was afforded due process and fair treatment, we disagree. *See* H.S., Jr., 564 S.W.2d at 447-48 (concluding petition and hearings did not afford appellant due process and fair treatment because petition did "not meet the mandatory requirements of the statute").

4

deprived the juvenile court of jurisdiction to consider the transfer). Accordingly, we sustain T.L.K.'s second issue.[2] We **vacate the judgment of the juvenile court and dismiss the case for lack of jurisdiction.**

BOB MCCOY
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: June 10, 2010

---

[2] Having sustained T.L.K.'s second issue, we need not address his first issue. *See* Tex. R. App. P. 47.1.

5